Dennis WHITCOMB, Petitioner–Appellant,

v.

Dave SMITH, Warden, Respondent–Appellee.

No. 00–1400.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before SILER, CLAY, and GIBSON,*

---

\* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by

Circuit Judges.

Dennis Whitcomb, a Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, a jury convicted Whitcomb of three counts of third-degree criminal sexual conduct. The trial court sentenced him to thirty to sixty years of imprisonment as a habitual offender. The Michigan Court of Appeals affirmed the convictions and sentence, and the Michigan Supreme Court denied leave to appeal on May 30, 1997. Whitcomb filed a motion for relief from judgment on September 19, 1997. The trial court denied the motion on March 30, 1998, and Whitcomb did not appeal. He filed his federal habeas petition on April 15, 1999, raising three claims. The district court dismissed the petition as barred by the statute of limitations, *see* 28 U.S.C. § 2244(d)(1), but granted a certificate of appealability on that issue.

In his timely appeal, Whitcomb argues that: (1) his conviction did not become final until the expiration of the time during which a Justice of the United States Supreme Court could have extended the deadline for filing a petition for a writ of certiorari; and (2) the statute of limitations was tolled during the period in which Whitcomb could have appealed the trial court's denial of his motion for relief from judgment.

When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *See Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

■ Upon review, we conclude that the district court properly held that Whit-

comb's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Whitcomb filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000). The AEDPA contains a one year statute of limitations, which begins to run on the date the petitioner's conviction became final. Whitcomb's conviction became final on August 27, 1997, when the time expired for him to seek certiorari from the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir.2001); *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000).

Whitcomb's argument that his conviction did not become final until the expiration of the time during which a Justice of the United States Supreme Court could have extended the deadline for filing a petition for a writ of certiorari is without merit. First, Whitcomb neither filed a petition for a writ of certiorari nor requested an extension of time in which to file a petition for a writ of certiorari. Second, he has cited no authority, nor are we aware of any, that supports his argument.

The district court also properly concluded that the statute of limitations was tolled during the period Whitcomb's motion for relief from judgment was pending before the state trial court. *See* 28 U.S.C. § 2244(d)(2). Thus, the limitations period ran for twenty-three days from August 27, 1997, to September 19, 1997, and stopped for 192 days from September 19, 1997, to March 30, 1998. Whitcomb filed his habe-

designation.

as petition 381 days later, on April 15, 1999.

We part company with the district court in the treatment of the period during which Whitcomb could have appealed the trial court's denial of his motion for relief from judgment. The district court did not toll the statute of limitations for any of this period and held that Whitcomb's petition was untimely by thirty-nine days. We conclude that Whitcomb was entitled to additional tolling, but not enough to render his petition timely. State post-conviction actions are considered pending until the expiration of the period for further state court review, whether or not the petitioner actually seeks such review. *See, e.g., Gibson v. Klinger,* 232 F.3d 799, 804 (10th Cir.2000); *Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000). Under Michigan law, Whitcomb had twenty-one days to apply for leave to appeal the trial court's denial of his motion for post-judgment relief. *See* Mich. Comp. Laws §§ 6.509; 7.205(A). However, tolling the limitations period for an additional twenty-one days still leaves Whitcomb's petition eighteen days late. Accordingly, we affirm the district court's decision on grounds other than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994).

Whitcomb's argument that the limitations period should have been tolled for the twelve months during which he could have sought a delayed application for leave to appeal under Mich. Comp. Laws § 7.205(F) is without merit. It is undisputed that Whitcomb did not apply for leave to appeal, either within twenty-one days or twelve months. Thus, after his twenty-one days to appeal expired, the limitations period was not tolled because Whitcomb was not attempting to exhaust his state court remedies. *See Gibson,* 232 F.3d at 806–07.

Finally, we conclude that the district court did not abuse its discretion when the court declined to equitably toll the statute of limitations. Whitcomb did not establish that he was prevented from asserting his rights or that he diligently pursued § 2254 relief. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

For the foregoing reasons, we affirm the district court's order.