**Ralphonzo MARTIN, Petitioner–Appellant,**

v.

**Julius WILSON, Warden, Respondent–Appellee.**

No. 03–4161.

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2004.

Ralphonzo Martin, Leavittsburg, OH, pro se.

Stuart A. Cole, Asst. Atty. General, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Ralphonzo Martin appeals from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, an Ohio jury convicted Martin of one count of aggravated murder, one count of felonious assault, two counts of aggravated robbery, and one count of having a weapon while under a disability. The trial court sentenced Martin to a parolable term of life imprisonment. In 2000, Martin filed his § 2254 petition, and the district court dismissed the petition as untimely. On appeal, this court granted Martin a certificate of appealability for the following issue: whether Martin's § 2254 petition was timely under 28 U.S.C. § 2244(d)(1) & (d)(2).

■ On review, we conclude that the district court improperly dismissed Martin's § 2254 petition as untimely. Under 28 U.S.C. § 2244(d)(1)(A), Martin had one year from the date his convictions became final to file his § 2254 petition. As Martin's convictions became final in 1989, prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had one year from AEDPA's effective date (from April 24, 1996, until April 24, 1997) to file a timely § 2254 petition. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999). Although Martin did not file his § 2254 petition until September 29, 2000, the statute of limitations was tolled while Martin had any properly filed post-conviction petition pending in state court. *See* 28 U.S.C. § 2244(d)(2).

■ The statute of limitations does not bar Martin's § 2254 petition due to the tolling provisions in § 2244(d)(2). Prior to AEDPA's effective date, on April 11, 1996, Martin filed a petition for post-conviction relief in state court. On April 23, 1996 (still before the AEDPA effective date), the trial court denied Martin's petition. Martin did not appeal from this decision, and the district court concluded that the statute of limitations began to run with AEDPA's effective date. However, the court did not take into account the thirty-day period in which Martin could have timely appealed the trial court's denial of his post-conviction .petition, *see* Ohio App. R. 4(A); the petition is still "pending" for purposes of § 2244(d)(2) during this appeal period. *See Carey v. Saffold,* 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Therefore, the statute of limitations began to run on May 24, 1996, the day after the time for filing a timely appeal to the Ohio Court of Appeals ended. *See Bronaugh v. Ohio,* 235 F.3d 280, 284–85 (6th Cir.2000).

■ On October 30, 1996, Martin filed a motion in the trial court, arguing that the court had not made required findings of fact and conclusions of law in denying his post-conviction petition. Some confusion exists as to the exact procedural status of this motion. The district court referred to the motion as a second post-conviction petition. However, the trial court initially appeared to treat the motion as a request to reconsider the denial of the first post-conviction petition. The court noted that Martin referred to affidavits and exhibits which the court had not received, and the court granted Martin additional time to file these materials. Regardless of whether the motion is treated as a second petition or a continuation of the prior petition, it is clear that the trial court deemed the motion "properly filed," and the motion served to toll the statute of limitation under § 2244(d)(2). *See Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). From May 23, 1996, until Martin filed his motion on October 30, 1996, the statute of limitations ran for 159 days.

■ Martin subsequently complied with the trial court's order and resubmitted his state post-conviction petition, with the attached affidavits and exhibits. The trial court denied the petition. Martin appeal-

ed this decision, and the Ohio Court of Appeals affirmed the trial court's judgment. The Ohio Supreme Court ultimately declined jurisdiction and dismissed the appeal on June 30, 1999. The district court concluded that the § 2244 statute of limitations recommenced running on this date. However, the district court did not have the benefit of this court's recent decision in *Abela v. Martin*, 348 F.3d 164, 172–73 (6th Cir.2003) (en banc), *cert. denied*, —— U.S. ——, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004), which held that, under § 2244(d)(2), the statute of limitations is tolled for the ninety-day period during which the petitioner can seek United States Supreme Court review of the state courts' decision dismissing his post-conviction motion. Under *Abela*, the statute of limitations remained tolled through September 27, 1999.

■ The § 2244 statute of limitations then ran for another 179 days, until Martin filed a delayed motion to reopen his appeal with the Ohio Court of Appeals on March 22, 2000, which again tolled the statute of limitations. *See Bronaugh*, 235 F.3d at 285–86. This motion was pending until August 30, 2000, when the Ohio Supreme Court dismissed Martin's appeal from the Court of Appeals' denial of his motion. The statute was tolled for another ninety days under *Abela*, until November 29, 2000, during which time Martin could seek review of the Ohio Supreme Court's decision with the United States Supreme Court. Rather than pursue this path, Martin filed his § 2254 petition on September 29, 2000, less than one month after the Ohio Supreme Court dismissed his appeal. By this time, the statute of limitations had run for a total of 338 days. As the statute of limitations had run for less than one year since the effective date of AEDPA, Martin's § 2254 petition is timely.

Accordingly, we vacate the district court's judgment and remand the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.