**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK SANTINI, a/k/a Marvin Engles,

  Petitioner–Appellant,

v.

TOM CLEMENTS, Executive Director,
Colorado Department of Corrections;
TRAVIS TRANI, Warden, Arrowhead
Correctional Center; JOHN SUTHERS,
Attorney General, State of Colorado,

  Respondents–Appellees.

No. 12-1266
(D.C. No. 1:11-CV-03367-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Mark Santini, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition.

We deny a COA and dismiss the appeal.

---

 \* This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Santini pled guilty to second-degree burglary and third-degree assault in Colorado state court. On September 20, 1999, he was sentenced to twelve years' imprisonment for the burglary conviction and a concurrent twenty-four month term for the assault conviction. Santini did not appeal. On January 26, 2000, Santini filed a motion for sentence reconsideration under Colo. R. Crim. P. 35(b). The trial court denied his motion on September 27, 2000. Again, Santini did not appeal.

On August 13, 2001, Santini filed a pro se motion to correct or vacate his sentence. Construing this as a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), the state trial court denied the motion on December 10, 2001. The Colorado Court of Appeals affirmed the denial of post-conviction relief on September 21, 2006. Santini did not petition the Colorado Supreme Court for certiorari review.

On March 24, 2008, Santini filed a second motion for post-conviction relief under Colo. R. Crim. P. 35(c). The state trial court denied the motion on May 2, 2008. Santini appealed, and on August 12, 2010, the Colorado Court of Appeals affirmed the denial. The Colorado Supreme Court denied Santini's request for certiorari review on January 3, 2011.

On December 23, 2011, Santini filed a petition for habeas corpus relief under 28 U.S.C. § 2254. He claimed that the state courts improperly denied his post-conviction

motions, that he was not properly advised when he entered his plea, and that he was denied due process and effective assistance of counsel at the plea and sentencing stages of his case. The government argued that the petition was barred by the one-year statute of limitations period found in § 2244(d). After ordering Santini to respond, the district court dismissed the petition as untimely.

## II

Santini may not appeal the district court's denial of habeas relief without a COA. § 2253(c)(1)(A). We will grant a COA only if Santini demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

## A

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations period on habeas petitions, which generally begins to run upon "conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1). Santini had forty-five days after entry of judgment to file an appeal. See Colo. App. R. 4(b)(1) (1999). Santini was sentenced on September 20, 1999; therefore, he had until November 4, 1999 to appeal. See Colo. R. App. P. 26(a) (1999) (providing

-3-

that the computation of time shall include weekends and holidays when the time period is longer than seven days, but shall not include those days when they are the last day of the prescribed period).  Santini's AEDPA limitations period thus began to run on November 5, 1999.

A properly filed state post-conviction motion tolls the AEDPA limitations period while the motion is pending.  § 2244(d)(2).  Santini's AEDPA limitations period ran uninterrupted for eighty-two days from November 5, 1999, until it was tolled on January 26, 2000 when Santini filed a motion for reconsideration under Colo. R. Crim. P. 35(b).  See Robinson v. Golder, 443 F.3d 718, 721 (10th Cir. 2006) (a properly filed motion for post-conviction relief under Colo. R. Crim. P. 35(b) tolls the AEDPA limitations period).  The limitations period remained tolled until November 13, 2000,[1] when the deadline to appeal from the trial court's September 27, 2000 denial of the motion expired.

The AEDPA limitations period then ran uninterrupted for 272 days from November 14, 2000 until August 13, 2001, when Santini filed his first Rule 35(c) motion.

_____

[1] The forty-five day period to appeal the trial court's September 27, 2000 order denying the post-conviction motion expired on Saturday, November 11, 2000; therefore, the last day to file the appeal was Monday, November 13, 2000.  See Colo. R. App. P. 26(a) (if the time to file an appeal expires on a Saturday, Sunday, or holiday, the period continues to run until the next day that is not such a day).

See Habteselassie v. Novak, 209 F.3d 1208, 1213 (10th Cir. 2000) (a properly filed motion for post-conviction relief under Colo. R. Crim. P. 35(c) tolls the AEDPA limitations period). After the trial court denied the motion and the Colorado Court of Appeals affirmed the denial, the limitations period remained tolled until the time for filing a petition for writ of certiorari with the Colorado Supreme Court expired on November 5, 2006. See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) (AEDPA limitations period is tolled during the period in which a petitioner could have sought an appeal under state law, including certiorari). According to the version of Colo. R. App. P. 52 in effect in 2006, a petition for writ of certiorari could not be filed "until the time for filing a petition for rehearing in the Court of Appeals ha[d] expired." Colo. R. App. P. 52(b)(2) (2006). Because Santini had fourteen days to file a petition for rehearing, see Colo. R. App. P. 40(a) (2006), and thirty days to seek the writ of certiorari, see Colo. R. App. P. 52(b)(3), Santini's last day to seek certiorari was November 6, 2006.[2] At that time, 354 days had run against the AEDPA limitations period. The one-year AEDPA limitations period expired eleven days later, on November 17, 2006.

_____

[2] Santini's deadline fell on Saturday, November 4, 2006. The last day to file the appeal was therefore Monday, November 6, 2006. See Colo. R. App. P. 26(a).

Santini's 2011 habeas petition is therefore untimely unless equitable tolling applies.[3]

**B**

AEDPA's one-year statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases." See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). In general, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Sigala v. Bravo, 656 F.3d 1125, 1128 (10th Cir. 2011). Equitable tolling of the AEDPA limitations period is appropriate "only in rare and exceptional circumstances." Id. at 1127. A "garden variety claim of excusable neglect" by an attorney is not enough. Holland, 130 S. Ct. at 2564. We agree with the district court that Santini failed to meet this burden.

Santini first argues that equitable tolling applies because his delay in filing was caused by "ineffective communication" with his post-conviction counsel. In Holland, the Supreme Court held that counsel's ineffective communication may be "extraordinary"

---

[3] Santini's March 28, 2008, petition for post-conviction relief under Colo. R. Crim. P. 35(c) was filed after the AEDPA limitations period expired and thus is not relevant to our timeliness analysis. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

enough to justify equitable tolling in certain circumstances. <u>Id.</u> at 2564. However, Santini advances no evidence demonstrating that despite his diligence, his attorney acted extraordinarily in failing to communicate. Merely stating that there was "ineffective communication," without more, is insufficient to warrant equitable tolling.

Santini next claims that he is entitled to equitable tolling because his counsel erroneously advised him that his AEDPA limitations period commenced on February 8, 2011. Santini fails to establish that this advice was extraordinary. A negligent miscalculation of a filing deadline is not "extraordinary" for purposes of equitable tolling. <u>Id.</u>

Finally, Santini argues that he is entitled to equitable tolling because he was transferred to various detention facilities and did not receive his mail. Again, Santini does not provide any evidence to support his assertion that the delays in his post-conviction filings were caused by a failure to receive mail. The record provides no evidence that Santini's mail was returned to sender—or any other evidence of a mail delay—during the relevant time period. Regardless, lack of notice can provide grounds for equitable tolling only if the prisoner "acted diligently in the matter." <u>Woodward v. Williams</u>, 263 F.3d 1135, 1143 (10th Cir. 2001). The record is void of any evidence that

Santini acted diligently to ensure that he was informed as to the status of his case during the times that the AEDPA limitations period ran.[4]

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **DENY** Santini's motion to proceed in forma pauperis because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[4] There is record evidence that Santini did not receive the state district court's March 24, 2008 order dismissing his second Rule 35(c) motion by mail. However, Santini's AEDPA limitations period expired before this second Rule 35(c) motion was filed; therefore, it is not relevant to our analysis.