RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0297p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MARLON SCARBER,

        *Petitioner-Appellant,*

    *v.*

CARMEN DENISE PALMER, Warden,

        *Respondent-Appellee.*

No. 14-2364

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-15074—Stephen J. Murphy III, District Judge.

Decided and Filed: December 22, 2015

Before: BOGGS and McKEAGUE, Circuit Judges; and BERTELSMAN, District Judge.[*]

─────────────────

**COUNSEL**

─────────────────

**ON BRIEF:** Bruce H. Edwards, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Respondent. Marlon Scarber, Ionia, Michigan, pro se.

─────────────────

**OPINION**

─────────────────

BOGGS, Circuit Judge. Marlon Scarber appeals the district court's judgment dismissing as untimely his petition for a writ of habeas corpus. He argues that the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act (AEDPA) was tolled for two three-week periods when he could have filed motions for reconsideration of adverse Michigan

─────────────────

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Supreme Court orders.  We hold that the statute ran during those periods when Scarber had the opportunity to, but did not, move for reconsideration, and we therefore affirm.

In 2006, Scarber was sentenced to life imprisonment and the Michigan Court of Appeals affirmed.  *People v. King*, Nos. 273443, 273543, 273955, 2007 WL 4209366 (Mich. Ct. App. Nov. 29, 2007) (per curiam).  The Michigan Supreme Court denied his application for leave to appeal.  *People v. Taylor*, 759 N.W.2d 361 (Mich. 2008).  On November 12, 2009, Scarber filed a motion to dismiss the charges against him for lack of jurisdiction, which the court took as a post-conviction motion for relief.  *See* Mich. Ct. R. 6.500 *et seq.*  The trial court denied the motion, the Michigan Court of Appeals affirmed, and on March 8, 2011, the Michigan Supreme Court denied his application for leave to appeal that decision.  *People v. Scarber*, 794 N.W.2d 581 (Mich. 2011).  On August 4, 2011, he filed a state habeas petition that was ultimately unsuccessful.  *See People v. Scarber*, 839 N.W.2d 481 (Mich. 2013).

Soon thereafter, Scarber filed a federal habeas petition.  The district court dismissed it as untimely but granted a certificate of appealability on the issue of whether AEDPA's statute of limitations was tolled during the three-week period when he could have moved for reconsideration of the rejection of his application for leave to appeal the denial of his motion to dismiss.  We review de novo the dismissal of a habeas petition as barred by AEDPA's statute of limitations.  *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).

This case has three inflection points: when AEDPA's statute of limitations began to run (March 20, 2009), when it was tolled (November 12, 2009), and when it started up again (subject to debate).  The limitation period began to run on March 20, 2009, after the ninety days when Scarber could have sought review of the merits judgment against him with the United States Supreme Court.  *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).  The limitation period is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  It was tolled with 128 days remaining from November 12, 2009 (when Scarber filed the motion to dismiss) until March 8, 2011 (when the Michigan Supreme Court rejected his request to appeal its denial).  According to the district court, the limitation period resumed running the next day and expired on July 15, 2011.  By Scarber's counting, it was tolled for the next three weeks,

during which time he could have filed a motion to reconsider as well as for the same period after the Michigan Supreme Court denied review of his August 2011 petition. *See* Mich. Ct. R. 7.311(G).

We hold that the limitation period resumed running the day after the Michigan Supreme Court upheld the denial of Scarber's request for leave to appeal. AEDPA's limitation period begins to run after "the expiration of *the time for seeking* [direct review]." § 2244(d)(1)(A) (emphasis added). In contrast, it is tolled when "a properly filed application for State post-conviction or other collateral review . . . is *pending*." § 2244(d)(2) (emphasis added). "The linguistic difference is not insignificant." *Lawrence v. Florida*, 549 U.S. 327, 334 (2007). Congress instructed that the limitation period commences only after "the time for seeking" direct review has expired. That language covers situations where a defendant may, but does not, petition for certiorari. *Id.* at 333. Such was the case here. Congress was less forgiving when it came to tolling during collateral review, requiring a "properly filed application" to be "pending" before the state court. Such was not the case here. If Scarber had resuscitated his petition by seeking reconsideration, the limitation period would have been tolled because an application for state review would still have been pending. *See Sherwood v. Prelesnik*, 579 F.3d 581, 587 (6th Cir. 2009) (petitioner "actually filed a timely motion for reconsideration"). However, the AEDPA limitation period does not stop running for a petitioner who had the opportunity to, but did not, file a motion for reconsideration.

We have in dicta and an unpublished order reached the opposite conclusion. *See Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004); *Abela v. Martin*, 348 F.3d 164, 171–73 (6th Cir. 2003) (en banc), *overruled in part by Lawrence v. Florida*, 549 U.S. 327 (2007). Of course, neither dicta nor an unpublished decision is binding precedent. *See United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007); *Asmo v. Keane, Inc.*, 471 F.3d 588, 600 (6th Cir. 2006). But more to the point, those rulings did not have the benefit of later Supreme Court opinions that provided additional clarity regarding the meaning of "pending" in § 2244(d)(2). In *Evans v. Chavis*, the Court reiterated its holding from *Carey v. Saffold*: a claim is "pending" during the time between an adverse lower-court determination and "the prisoner's filing of a notice of appeal," but only if "the filing of the appeal is timely." 546 U.S. 189, 191 (2006)

(citing *Carey*, 536 U.S. 214 (2002)). By negative implication, the period between an adverse lower-court decision and an *untimely* appeal *does* count toward the AEDPA limitation period. And by the same logic, if no timely petition for rehearing is filed, the limitation period runs from after the date when a state's highest court denies collateral relief. Just as "a state prisoner c[annot] toll the statute of limitations at will simply by filing untimely state postconviction petitions," *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), he cannot do so by sitting on his hands.

Then in *Lawrence v. Florida*, the Court held that "[w]hen the state courts have issued a *final judgment* on a state application, it is no longer pending." 549 U.S. 327, 334 (2007) (emphasis added). In so doing, the Court overruled *Abela* in pertinent part, as recognized in *Hall*, 662 F.3d at 753, thereby undercutting *Martin*'s reliance on *Abela*, *see* 110 F. App'x at 491. Review of Scarber's post-conviction motion ended when the Michigan Supreme Court issued a final order denying his application for leave to appeal—but only because he had appealed the intermediate court's earlier final order. *See* Mich. Ct. R. 7.202(6)(a)(i) (defining "final order" and "final judgment" as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order").

Section § 2244(d)(2) burdens the petitioner with the responsibility of preserving a "pending" status of review by appealing (or, as was the case here, moving for reconsideration of) an otherwise final state-court order. Its language instructs on how to do so: "properly fili[ng]" an application for review. The requirement of a properly filed application is not undermined by the Court's earlier holding that a collateral-review application is pending until it "has achieved final resolution through the State's post-conviction procedures." *Carey*, 536 U.S. at 220. In *Carey*, it was the petitioner's "timely filing of a notice of appeal"—not the expiration of the time for seeking appellate review—that rendered California's collateral-review process incomplete (and the application for review, therefore, "pending"). *Id.* at 219. Scarber chose a different path. Since Scarber did not move for reconsideration, the Michigan Supreme Court's order was a final judgment when it issued on March 8, 2011, after which his application for review was no longer pending.

Several of our sister circuits agree. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010); *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). Most of those that do not agree rely on precedents that predate the Court's delineations of § 2244(d)(2) in *Pace, Carey, Evans,* and *Lawrence*. *See, e.g., Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.4 (3d Cir. 2013) (quoting *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000)); *Santini v. Clements*, 498 F. App'x 807, 809 (10th Cir. 2012) (citing *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004)); *Escalante v. Watson*, 488 F. App'x 694, 702 (4th Cir. 2012) (Davis, J., dissenting) (quoting *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)); *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (quoting *Currie v. Matesanz,* 281 F.3d 261, 263 (1st Cir. 2002)); *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (citing *Williams v. Bruton*, 299 F.3d 981 (8th Cir. 2002)); *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001). And, as discussed above, we are not persuaded by the argument that, absent a challenge to a final court order, a properly filed application is pending "until there is no other avenue the prisoner could pursue." *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

Scarber makes several "alternative arguments" on reply that were not raised in his opening brief. "We have consistently held, however, that arguments made to us for the first time in a reply brief are waived." *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010). In any event, they are without merit. The limitation period runs from "the date on which the factual predicate of the claim . . . could have been discovered," but only if the petitioner through due diligence alleges newly discovered evidence. § 2244(d)(1)(D); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013). After it has been tolled, the AEDPA statute-of-limitations clock resumes when a final order issues, not when the court's mandate takes effect or the petitioner receives notice. *Lawrence*, 549 U.S. at 334.

For the foregoing reasons, we AFFIRM the dismissal of Scarber's untimely habeas petition.