RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0194p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

CAMERON HOLBROOK,

　　　　　　　　　　*Petitioner-Appellant,*

　　*v.*

　　　　　　　　　　　No. 14-1247

CINDI CURTIN, Warden,

　　　　　　　　　　*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:13-cv-11235—Lawrence P. Zatkoff, District Judge..

Argued:  December 2, 2014

Decided and Filed:  August 15, 2016

Before:  DAUGHTREY, CLAY, and STRANCH, Circuit Judges.

_____

### COUNSEL

**ARGUED:**  Matthew A. Shapiro, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant.  Bruce H. Edwards, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  **ON BRIEF:**  Matthew A. Shapiro, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant.  Bruce H. Edwards, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.  Cameron Holbrook, Kincheloe, Michigan, pro se.

_____

### OPINION

_____

　　JANE B. STRANCH, Circuit Judge.  This case concerns the tolling of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) statute of limitations during the pendency of

a State post-conviction motion. Cameron Holbrook, a Michigan prisoner, appeals the district court's judgment dismissing as untimely his federal habeas corpus petition brought under 28 U.S.C. § 2254. Based on the following reasoning, we REVERSE the order of the district court and REMAND the case for further proceedings consistent with this opinion.

## I. BACKGROUND

In 2008, Holbrook was convicted by a Michigan jury of first-degree murder and possession of a firearm during the commission of a felony. As a third habitual offender, he was sentenced to life imprisonment without the possibility of parole for the murder conviction and two years' imprisonment for the felony-firearm conviction. *People v. Holbrook*, No. 287383, 2010 WL 99010, at *1 (Mich. Ct. App. Jan. 12, 2010).

AEDPA's one-year statute of limitations began to run when his conviction became final on August 23, 2010, 90 days after the Michigan Supreme Court denied his application for leave to appeal the adverse decision of the Michigan Court of Appeals. *People v. Holbrook*, 781 N.W.2d 836, 836 (Mich. 2010); *Holbrook*, 2010 WL 99010, at *8; *see* 28 U.S.C. § 2101(c); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining that a State prisoner's direct appeal concludes for the purposes of AEDPA's one-year limitations period when the "availability of direct appeal" to both the State courts and the Supreme Court has been exhausted); *Missouri v. Jenkins*, 495 U.S. 33, 45 (1990) (explaining that the 90-day limit to petition for certiorari in a civil case is "mandatory and jurisdictional").

On May 19, 2011, 269 days into the one-year limitations period, Holbrook filed a motion for relief from judgment in State trial court. The trial court denied the motion on June 3, 2011. Holbrook then filed an application for leave to appeal, which the Michigan Court of Appeals denied on November 8, 2012. Michigan court rules allowed Holbrook 56 days, or until January 3, 2013, to submit an application for leave to appeal with the Michigan Supreme Court. Mich. Ct. R. 7.302(C)(2) (2012).[1] Holbrook filed his application on January 7, four days after the deadline. The Michigan Supreme Court denied it as untimely on January 11.

---

[1]Currently codified Mich. Ct. R. 7.305(C)(2).

No later than March 18, 2013, Holbrook filed a federal habeas petition in federal district court under 28 U.S.C. § 2254 in which he raised fifteen counts, generally related to ineffective assistance of trial and appellate counsel, though also alleging various errors on the part of the trial judge and prosecutorial misconduct.[2] The State moved for summary judgment on the basis that the petition was time-barred because Holbrook's post-conviction motion was no longer "pending" within the meaning of AEDPA's tolling provision as of November 8, 2012, when his application for leave to appeal the trial court's order was denied by the Michigan Court of Appeals. On this reasoning, the statute of limitations clock resumed running at the time of the Court of Appeals' rejection rather than after the 56-day period in which Holbrook could have sought review by the State Supreme Court, making his federal habeas petition untimely by at least two months.

The district court granted the State's motion for summary judgment and dismissed Holbrook's habeas petition as untimely. Relying on the Supreme Court's decision in *Evans v. Chavis*, 546 U.S. 189 (2006), the district court agreed that "[b]ecause [Holbrook] did not timely seek leave to appeal with the Michigan Supreme Court, the tolling of the limitations period ended when the Michigan Court of Appeals denied leave to appeal on November 8, 2012," rather than continuing for the 56-day period to appeal. Holbrook's habeas corpus petition was therefore due on February 12, 2013. *Id.* The district court also found that Holbrook was not entitled to equitable tolling.

It is undisputed by the parties on appeal that the one-year statutory limitations period on Holbrook's habeas petition started on August 23, 2010, 90 days after the Michigan Supreme Court denied his application for leave to appeal his conviction, and stopped 269 days later on May 19, 2011, when he filed the motion for relief from judgment in State trial court. The limitations period was tolled until at least November 8, 2012, when the Michigan Court of Appeals denied Holbrook's application for leave to appeal. At this point, the parties' arguments diverge.

---

[2]Holbrook's petition was dated March 1, 2013, but the district court noted that the attached prison documents indicated that he gave it to prison officials to be mailed on March 18. The date discrepancy makes no difference to the question of timeliness on appeal.

Holbrook contends that his post-conviction motion remained "pending" from the time he properly filed his motion for relief from judgment in the trial court until January 3, 2013, the expiration of the period to seek review by the State's highest court. After January 3, he does not dispute that the limitations period continued to run without further tolling despite his subsequent untimely appeal to the Michigan Supreme Court. Because the time in which a properly filed State court post-conviction motion is pending does not count toward the limitations period, Holbrook argues that his § 2254 habeas petition was filed in the district court within the AEDPA limitations period.

The State responds that, because Holbrook's appeal to the State Supreme Court was untimely, his claim was not tolled during the 56 days in which he could have appealed the denial by the appellate court. The State asks that we look back to the November 8, 2012 denial by the Michigan Court of Appeals and retroactively start the clock at that point.

This court granted Holbrook's application for a certificate of appealability, finding that "reasonable jurists could debate the district court's ruling that Holbrook's petition was untimely" in light of this court's conflicting unpublished decisions.

## II. ANALYSIS

We review de novo the district court's dismissal of a habeas corpus petition as barred by AEDPA's statute of limitations. *Scarber v. Palmer*, 808 F.3d 1093, 1095 (6th Cir. 2015), *petition for cert. filed*, 84 U.S.L.W. 3546 (U.S. Mar. 18, 2016) (No. 15-1174). AEDPA sets a one-year limitations period for federal habeas corpus petitions by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates—the one relevant here is: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id*. § 2244(d)(1)(A). AEDPA also contains a tolling provision, which specifies that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Examination begins with review of our cases, both controlling and persuasive, that establish the governing legal framework. We then consider Michigan's finality rules and the public policy goals underlying AEDPA's tolling and limitations provisions. Because we find that Holbrook is entitled to statutory tolling, we need not address his equitable tolling claim.

**A. AEDPA's Limitations and Tolling Provisions**

The contours of AEDPA's limitations and tolling provisions have been the source of some confusion, as seen in a number of unpublished opinions within our circuit. This case presents an opportunity to clarify a central question at the intersection of AEDPA's limitations and tolling provisions: When is a State post-conviction motion "pending" for purposes of tolling the limitations period?

In *Whitcomb v. Smith*, which presented a scenario similar to the current case, we followed our sister circuits and determined that the pendency of a State post-conviction motion continued "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review." 23 F. App'x 271, 273 (6th Cir. 2001). There, the petitioner had filed a motion for relief from judgment in State court but did not appeal the trial court's adverse decision. More than a year later, he filed a federal habeas petition that was dismissed by the district court for exceeding the AEDPA one-year statute of limitations. On appeal, we explained that the district court erred when it failed to toll the statute of limitations for the "period during which [the petitioner] could have appealed the trial court's denial of his motion for relief from judgment." *Id*.

This holding was reinforced the following year by *Carey v. Saffold*, 536 U.S. 214 (2002), in which the Supreme Court considered the effect of a State habeas application on the limitations period for a subsequently filed federal habeas petition. The Court looked to the dictionary definition of "pending," as well as the policy interests underlying AEDPA's exhaustion requirement, and concluded that tolling extended "until the application has achieved final resolution through the State's post-conviction procedures." *Id*. at 220; *see also Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004) (citing *Saffold*, 536 U.S. at 219-20, for the proposition

that the statute of limitations on petitioner's habeas claim was tolled during the period in which he could have appealed the denial of his post-conviction motion).

In 2006, the Supreme Court's decision in *Evans v. Chavis*, 546 U.S. 189 (2006), raised questions regarding this approach. *Evans* considered the timeliness of a federal habeas petition filed more than four years after AEDPA's effective date, where the petitioner did not appeal the denial of his post-conviction motion for three years. *Id*. at 195, 200. California employs a "reasonableness" standard on collateral review rather than observing a predetermined deadline for appeal. *Id*. at 192-93. The petitioner argued that he had sought State review within a reasonable time, thereby tolling the statute of limitations during the entire three-year period. *Id*. at 195-96.

Without commenting on the precise parameters of "reasonable time," the Court assumed California's procedure did not diverge significantly from the timeliness rules of other States and concluded that the federal habeas petition was obviously untimely. *Id*. at 199-201. The Court reasoned that any delay beyond a reasonable time did not properly toll the AEDPA limitations period, noting that it did not see "how an unexplained delay of this magnitude [over three years] could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Id*. at 201 (citing *Saffold*, 536 U.S. at 222-23). The Court did not, however, draw any conclusions about how much of the delay was "reasonable" and therefore implicated AEDPA's tolling provision. *See id.* at 200-01. Nor did the Ninth Circuit consider this question on remand. *Chavis v. Evans*, 446 F.3d 923 (9th Cir. 2006) (reinstating the judgment of the district court).

We once again took up the issue of AEDPA tolling during the pendency of a State post-conviction motion in *Ross v. McKee*, 465 F. App'x 469 (2012). This unpublished opinion diverged from our holding in *Whitcomb* by noting with approval the district court's order, which "held that the limitations period began to run when the Michigan Court of Appeals denied [petitioner's] motion for reconsideration" where the appeal of a post-conviction motion was untimely. *Id*. at 472. *Ross* framed this change in approach with reference to *Evans*, apparently reading that case to require that the court retroactively reach back through a State post-conviction motion's pendency to start the limitations clock at the lower court's decision when an appeal from that decision was not timely filed. *Id*. at 473.

The *Ross* panel's reading of *Evans* may have been overly broad. As previously noted, *Evans* stands only for the proposition that the entire unexplained three-year delay between the adverse decision of the lower court and an untimely appeal could not be "reasonable" under California law. *Evans*, 546 U.S. at 200-01. The Court's holding was not premised on a finding that the clock continued to run for the entire three-year period, including the reasonable time for appeal.

Soon after *Ross*, we examined a related but distinct inquiry as to whether AEDPA tolling continues *after* final disposition of a post-conviction motion by the State courts in *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015). There, the petitioner challenged the dismissal of his habeas corpus petition as untimely on the basis that the statute of limitations was tolled "during the three-week period when he could have moved for reconsideration of the rejection" of his State post-conviction motion. *Id*. at 1094-95. This court rejected the petitioner's argument and held that "the limitation period resumed running the day after the Michigan Supreme Court upheld the denial of [petitioner's] request for leave to appeal." *Id*. at 1095. Though the petitioner could have "resuscitated his petition by seeking reconsideration," he did not do so and, therefore, failed to trigger the tolling provision again once the motion's pendency ended upon review and final disposition by the State's highest court. *Id*. at 1095-96.

*Scarber*, our circuit's only controlling precedent on a related matter, does not preclude Holbrook's argument before us today. First, the *Scarber* panel considered a distinct procedural posture. While Holbrook's argument focuses on the period during which a post-conviction motion could be appealed, *Scarber* looked beyond to the point after which the State Supreme Court had issued a final determination on that motion. Our understanding of this distinction is reinforced by one of two out-of-circuit cases that *Scarber* cites in support of its holding. *See Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009) (recognizing that a State court petition is pending "through the time in which the petitioner could file an application for a certificate for leave to appeal," but that petitioner does not benefit from tolling during the period in which he could have, but did not, file a motion for reconsideration). The facts of the other persuasive case on which *Scarber* relies are entirely distinguishable from the present matter. *See Simms v. Acevedo*, 595 F.3d 774, 780-81 (7th Cir. 2010) (noting that petitioner's improperly

filed motion for rehearing of the State court's denial of a petition for leave to appeal did not toll the AEDPA limitations period where he never filed the required motion for reconsideration).

Second, our decision not to blindly apply *Scarber* to a separate and distinct procedural posture avoids deepening a circuit split. *See e.g., Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.4 (3rd Cir. 2013) (observing the pendency of a State post-conviction motion during the time petitioner could seek review by the State Supreme Court irrespective of whether review is actually sought); *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (reaffirming that a post-conviction motion is pending from the time it is filed until "further appellate review is unavailable") (internal quotation marks omitted); *Streu v. Dormire*, 557 F.3d 960, 966 (8th Cir. 2009) (considering a post-conviction motion pending until "the time for appeal expires, because until then, the possibility remains that the application will be considered by the appellate court"). *Scarber* attributes this disagreement to the fact that the cited cases "rely on precedents that predate the [Supreme] Court's delineations of § 2244(d)(2)" in *Saffold*, *Evans*, and other cases distinguishable from the instant matter. *Scarber*, 808 F.3d at 1097. However, the above-cited authorities do not predate the Supreme Court's opinions, and we assume that our sister circuits considered the relevant decisions of the Supreme Court and determined that they were consistent with the circuits' approach to statutory tolling.

Finally, insofar as *Scarber* considered issues related to the current appeal, it may support Holbrook's argument. Specifically, *Scarber*'s description of how the petitioner's motion was finally determined by the State Supreme Court such that it would need to be "resuscitated" by a motion for reconsideration, *id*. at 1096, lends support to Holbrook's contention that a post-conviction motion's pendency ends with review by the highest court.

We reject the argument that dicta in *Scarber* should be taken from its procedural context and read to suggest a petitioner retroactively loses tolling of the time between a lower court's denial and the period for seeking higher court review because such an extrapolation would run afoul of the Supreme Court's decision in *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012). That opinion was not cited by the panel in *Scarber*, but lends significant support to our holding today. In *Gonzalez*, the Supreme Court specified that a judgment does not become "final" on direct appeal until the "time for seeking review with the State's highest court expire[s]," even if a

petitioner does not appeal to the State's highest court. *Id*. at 653-54; *see also id*. at 653 (explaining that each of the two prongs of § 2244(d)(1)(A) relates to a "distinct category of petitioners"). *Gonzalez* itself based its holding in part on an earlier decision, *Clay v. United States*, in which the Supreme Court held that the one-year statute of limitations in 28 U.S.C. § 2255 begins to run upon expiration of the time to file a petition for certiorari on direct review, whether or not a federal prisoner actually files a petition. 537 U.S. 522, 524-25, 532 (2003).

Because, under *Gonzalez*, Holbrook would be entitled to tolling if he *had not* appealed the Michigan Court of Appeals decision, it makes little sense to deprive him of this time as a consequence of filing an untimely appeal. Holbrook correctly notes that, were we to depart from *Gonzalez*, whenever a question arose as to whether an appeal would be timely, prisoners may opt to forgo an appeal altogether in order to preserve tolling rather than risk seeking final resolution before the State Supreme Court and retroactively starting the AEDPA clock through the filing of an untimely appeal. For the reasons stated above and below, we reject a rule that would engender so much uncertainty.

## B. Michigan's Finality Rules

As further persuasive authority for our holding that Holbrook's motion was "pending" during the entire period for appeal, we note that this approach is supported by Michigan's finality rules. *See Payne v. Kemna*, 441 F.3d 570, 571-72 (8th Cir. 2006) (explaining that while the meaning of "pending" regarding a federal habeas petition is a matter of federal law, federal courts should look to State law to determine when a post-conviction motion has been finally resolved through the State's post-conviction procedures) (citing *Saffold*, 536 U.S. at 219-20). Pursuant to Michigan's Appellate Rules, a judgment by the Court of Appeals that is not appealed is generally "effective after the expiration of the time for filing an application for leave to appeal to the Supreme Court . . . ." Mich. Ct. R. 7.215(F)(1)(a). On this basis, a Michigan court would likely toll the statute of limitations on Holbrook's habeas corpus petition until January 3, 2013, the last day for appeal to the State Supreme Court, rather than November 8, 2012, the date of the Court of Appeals decision.

**C. Policy Support for Holbrook's Argument**

While *Gonzalez* considered the AEDPA limitations provision as it related to a direct appeal, it is applicable in equal force to the post-conviction context, where the policy interests enumerated by the Supreme Court in *Saffold* apply. This is because the approach put forward by Holbrook "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Saffold*, 536 U.S. at 220 (internal quotation marks omitted).

In *Abela v. Martin*, this court observed that "[a] statute of limitations should be clear" such that, "[a]t any given point, courts and litigants should be able to determine whether the limitations period has begun, is running, is tolled, or has expired[.]" 348 F.3d 164, 172 (6th Cir. 2003) (en banc). Though that opinion has been called into question on other grounds,[3] *Abela*'s explanation of the policy interest undergirding its decision—that "whether a limitations period is running should not depend on events that happen only at a later date," *id.*—remains applicable and was subsequently affirmed by *Gonzalez* when the Supreme Court refused to retroactively adjust AEDPA tolling based on whether or not the petitioner appealed, *Gonzalez*, 132 S. Ct. at 653-54.

Reversing the district court's order in this case promotes finality in State court review and clarity in subsequent federal habeas actions without jeopardizing AEDPA's additional goals of comity and federalism. *See Williams v. Taylor*, 529 U.S. 420, 436 (2000). Our present holding does not require us to take up the question of whether the Michigan Supreme Court erred in dismissing Holbrook's post-conviction motion as untimely. *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("This court . . . does not function as an additional state appellate court reviewing state-court decisions on state law or procedure."). Instead, we interpret the term "pending" as used in a federal statute by relying on controlling precedent from the Supreme

---

[3]*Abela* may have been overruled in part by *Lawrence v. Florida*, in which the Supreme Court determined that because it was not a "State" court, and the AEDPA tolling provision specifically referenced "State post-conviction or other collateral review," the tolling period ended with the issuance of a final determination by a State's highest court, rather than extending for the 90-day period in which a petitioner could have filed a petition for certiorari before the United States Supreme Court. 549 U.S. 327, 329, 331-32 (2007). The holding in *Lawrence* appears to conflict with *Abela*, which had previously held that "'pending' also refers to the time allowed an inmate to file a certiorari petition [to the United States Supreme Court] regardless of whether such filing actually occurs." *Abela*, 348 F.3d at 172. However, *Lawrence* does not affect our decision in this case.

Court and this circuit. Based on these authorities, we hold that Holbrook's federal habeas petition was timely filed because AEDPA's one-year statute of limitations was tolled during the period in which he could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief.

## CONCLUSION

For these reasons, we REVERSE the order of the district court and REMAND the case for further proceedings consistent with this opinion.