NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0442n.06

Case No. 25-1213

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Sep 30, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RONNIE DUKE, | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Beginning in 2012, Ronnie Duke had a series of run-ins with the law, which included conspiracy to commit wire fraud, failure to surrender, assault of a federal official, and attempting to escape detention. In 2023, after the district court had sentenced Duke for each of these offenses, the Sentencing Commission promulgated Amendment 821. Because this amendment impacted Duke's criminal history score in his assault conviction, Duke filed a motion to reduce his sentence for that conviction. The district court denied the motion, and Duke now appeals. We affirm.

**I.**

In 2012, Duke was convicted and sentenced to 156 months' imprisonment for conspiracy to commit wire fraud (Case One). *United States v. Duke*, 870 F.3d 397, 399 (6th Cir. 2017). However, Duke failed to self-report to prison for this sentence, leading to an arrest warrant and a new federal indictment charging him with failure to surrender for a sentence, in violation of 18 U.S.C. § 3146(a)(2) (Case Two). *Id.* Duke was then arrested for his failure to surrender, and

at his arraignment hearing, Duke violently attacked the government's counsel after counsel opposed Duke's request to be transferred to a different prison facility. *Id.* at 399-400. Duke hurled expletives at counsel, struck her in the face numerous times, and repeatedly "smashed" her head into the table. *Id.* at 400. A federal grand jury later indicted Duke on one count of assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1), (b) (Case Three). *Id.*

While detained for the failure-to-surrender and assault charges, Duke attempted to escape from the detention facility. This resulted in the government's obtaining a superseding indictment in Case Two that added an attempted-escape charge. This meant that Case Two included two counts: failure to surrender and attempted escape. Duke pleaded guilty to the assault of a federal officer in Case Three. *Duke*, 870 F.3d at 400. At the same hearing, Duke also pleaded guilty to both of the charges in Case Two.

The Presentence Investigation Report ("PSR") for the assault charge calculated that Duke had six criminal-history points: three points from Case One, one point from Case Two, and two points for committing the assault while under a criminal-justice sentence for Case One. This score placed Duke in Criminal History Category III.

At sentencing for the assault charge, Duke objected to the PSR's application of the criminal-history point for Case Two. The district court did not rule on the objection at the time because Duke remained at Criminal History Category III, even without that point. The district court sentenced Duke to 97 months' imprisonment for the assault charge. At the subsequent sentencing hearing for Case Two, the district court sentenced Duke to 18 months' imprisonment for the failure-to-surrender and attempted-escape charges. Duke appealed his 97-month sentence from Case Three, and this Court affirmed. *United States v. Duke*, 870 F.3d at 406. Duke later

filed a 28 U.S.C. § 2255 motion challenging his conviction in Case Three, but it was denied as untimely.

Since then, the Sentencing Commission has retroactively amended the Guidelines. On November 1, 2023, Part A of Amendment 821 took effect, reducing the number of criminal history points assessed against a defendant based on prior convictions ("status points"). U.S.S.G. § 4A1.1(e) (2023). Because this retroactive change affected Duke's sentence in Case Three, he moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), and renewed his prior objection to the additional criminal-history point assessed from Case Two. Duke renewed this objection because if the district court reduced his criminal score by one point—in addition to the loss of the two status points from the retroactive change—he would drop to a Criminal History Category II.

The district court denied the motion, finding that Duke's guilty plea from Case Two counted as a "prior sentence," according to the text of U.S.S.G. § 4A1.2(a)(1), and although the attempted escape might have been relevant conduct to the assault, the failure to surrender was not. This meant that the additional criminal history point was properly assessed, and Duke's Criminal History Category remained at III, making Duke ineligible for a sentence modification. Because the district court held that Duke was ineligible for the sentence reduction, it did not consider whether the 18 U.S.C. § 3553(a) factors weighed in favor of a reduction.

Duke appeals, arguing that the district court erred by finding that the failure-to-surrender conviction was not relevant conduct to the assault, and hence, the criminal-history point applied.

## II.

Generally, once the district court imposes a sentence, it may not be modified. However, § 3582(c)(2) provides an exception and allows modification when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

3

Sentencing Commission," and the district court finds that a "reduction is consistent with" relevant Guidelines policy statements. 18 U.S.C. § 3582(c)(2). This does not, however, require a full resentencing. Rather, § 3582(c)(2) grants district courts the "power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (quoting § 3582(c)). Thus a § 3582(c)(2) sentencing modification proceeds in two steps. *Id.* at 827. First, the district court must determine if the defendant is eligible for the reduction under §1B1.10. *Id.* Second, if the district court finds that the defendant is eligible, it must then "consider any applicable § 3553(a) factors and determine whether, in its discretion," the reduction is warranted. *Id.*

We review the denial of a sentence reduction for abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010) (quotation marks omitted). Under this standard we reverse only when we are "firmly convinced that a mistake has been made." *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014) (quotation marks omitted).

Both the government and Duke agree that Amendment 821 lowers his criminal history score in Case Three from six to four points, and that the guilty plea from Case Two qualifies as a prior sentence under U.S.S.G. § 4A1.2(a)(4). So, Duke's only argument on appeal is that the district court erred by concluding that the failure-to-surrender conviction was not relevant conduct to the assault. If Duke were correct, his total criminal history points would be reduced from four to three, placing him in Criminal History Category II and making him eligible for a potential sentence reduction.

Conduct is part of the instant offense if it "is relevant conduct . . . under the provisions of § 1B1.3." U.S.S.G § 4A1.2 cmt. n.1. And § 1B1.3 defines relevant conduct as "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1).

Duke contends that the district court erred by finding that his failure-to-surrender conviction was not related to the instant offense; counting it as a separate, prior conviction under U.S.S.G. § 4A1.2(a)(1); and assigning one criminal history point for it. This argument fails. The instant offense is assault of a federal officer. Duke's failure to surrender and his assault of the federal officer are severable into two distinct offenses, even though the assault occurred at Duke's failure-to-surrender arraignment hearing. Duke's Appellate brief offers a remarkable explanation for why his failure to surrender was part of the instant offense:

> If not for the failure to surrender, there would have been no assault. Duke's attempt to evade sentence on the wire fraud generated a new indictment. The new indictment led to Duke's arrest. Duke's arrest required an initial appearance in duty court. In duty court, Duke assaulted the AUSA.

But Duke did not assault the AUSA during, in preparation for, "or in the course of attempting to avoid detection or responsibility" for failing to report to prison for his sentence in Case One. U.S.S.G § 1B1.3(a)(1). In fact, Duke's failure to surrender occurred over eight months before the assault, indicating that the courtroom assault was not part of a scheme or plan common to the failure-to-surrender conviction. *See* U.S.S.G. § 1B1.3 cmt. n.5 ("For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."). Further evidence that the failure-to-surrender conviction is not relevant

5

conduct to the assault is the fact that the PSR and district court did not assess a two-point offense-level increase for obstruction of justice under U.S.S.G § 3C1.1.

And Duke contends that the failure to surrender has a logical relationship to the assault in that they both indicate his desire to avoid responsibility. Duke relies on two cases to support this proposition: *United States v. Hodge*, 805 F.3d 675 (6th Cir. 2015), and *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005). But these do not save Duke's argument. True, *Hodge* states that "relevant conduct must also bear some logical relationship to the offense of conviction" but this is in addition to the § 1B1.3 requirements, not in place of them. *Hodge*, 805 F.3d at 680. And the facts of *Hodge* further illuminate what "some logical relationship" means. *Id.* In *Hodge*, the instant offense was receipt of child pornography downloaded from the internet. *Id.* at 677. Hodge also had one pending state charge for voyeurism. *Id.* The district court held, and we affirmed, that the creation of the voyeuristic videos was relevant conduct to his receipt-of-child-pornography conviction because the voyeurism conduct met the threshold requirements for relevant conduct in § 1B1.3 and was logically related to the instant conduct. *Id.* at 680-81. Unlike the situation in *Hodge*, Duke's underlying conduct in the failure-to-surrender conviction bears no relation to his assaulting the federal official, and *Hodge* is inapposite.

*McDaniel* is likewise inapt. In *McDaniel*, 398 F.3d at 553, the defendant's state court mail-fraud convictions qualified as relevant conduct to the instant federal offenses of conspiracy, theft of U.S. mail, and bank fraud because the modus operandi, the victims, and the time period were the same for both. We have none of those things here. There is no discernable modus operandi between the failure to surrender and the assault, there are no overlapping victims, and there was an eight-month time difference between the two events. *McDaniel*, therefore, does not rescue Duke's argument.

Finally, Duke makes two alternative arguments on reply that were not developed in his opening brief. But as we have consistently held, arguments made for the first time in a reply brief are waived. *Scarber v. Palmer*, 808 F.3d 1093, 1097 (6th Cir. 2015).

### III.

For the foregoing reasons, we affirm the judgment of the district court.