**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MATTHEW SHAWLEY,

Petitioner - Appellant,

v.

CARL BEAR, Warden,

Respondent - Appellee.

No. 16-6111
(D.C. No. 5:15-CV-01168-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

Petitioner Matthew Shawley, a state prisoner proceeding pro se, seeks a

certificate of appealability to appeal the district court's dismissal of his § 2254

habeas corpus action as time-barred.

In February 2011, Petitioner pled guilty to seventeen state felony charges.

He was then sentenced to a total combined sentence of fifty years of

imprisonment.  Petitioner subsequently moved to withdraw his plea, but the state

district court denied his motion.  This denial was affirmed on April 6, 2012, and

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner's conviction became final in July 2012.

On August 14, 2012, Petitioner filed his first federal petition for a writ of habeas corpus. The magistrate judge issued a report and recommendation on December 21, 2012, recommending the cause of action be dismissed without prejudice for failure to exhaust available state court remedies on all claims. Petitioner did not file an objection to this recommendation, nor did he file a second amended petition containing only the claims that had already been exhausted in the state court. On January 31, 2013, the district court entered an order adopting the magistrate judge's recommendation and dismissing the federal habeas action without prejudice.

More than a year and a half later, on October 6, 2014, Petitioner filed an application for post-conviction relief in the state district court. Following an evidentiary hearing, the state court denied his application. This order was affirmed on August 6, 2015.

Petitioner filed the instant federal habeas petition on October 14, 2015. The magistrate judge recommended dismissal based on untimeliness. In concluding the petition was untimely, the magistrate judge determined that the applicable statute of limitations was not affected by Petitioner's reliance on two Supreme Court decisions recognizing that defense counsel may provide constitutionally ineffective assistance at the plea-agreement stage, *see Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Missouri v. Frye*, 132 S. Ct. 1399 (2012), since

these decisions were issued well over a year before Petitioner filed this federal habeas petition. "Even assuming that the Court recognized new, pertinent constitutional rights in these decisions and further assuming the newly-recognized constitutional rights were retroactively applicable to cases on collateral review, these decisions were entered in March 2012"—more than a year before Petitioner filed his state application for post-conviction relief and more than two years before he filed this federal habeas petition. (R. at 126.) The magistrate judge further concluded the Petitioner was not entitled to equitable tolling of the statute of limitations. Although Petitioner argued he never received notice of the "December 21, 2012, Order" and thus "believed that his Habeas Corpus Petition was in fact still pending after December 21, 2012" (R. at 114), the magistrate judge held that Petitioner had "not alleged that he was unaware of or did not receive the Court's Order entered in January 2013, adopting the Report and Recommendation." (R. at 131.) The magistrate judge concluded that Petitioner had "provide[d] no credible reason for his delay between January 2013 and October 2014 in seeking state post-conviction relief" (R. at 131), and he therefore recommended dismissal of the second habeas petition as untimely.

The district court adopted the report and recommendation of the magistrate judge and dismissed the habeas petition as untimely. Petitioner now seeks a certificate of appealability to appeal this decision.

In his request for a certificate of appealability, Petitioner does not

challenge the district court's conclusion that the instant habeas petition was filed outside of the applicable statute of limitations. Rather, he argues that the court erred in denying equitable tolling for two reasons: (1) the magistrate judge failed to consider the retroactive effect of *Lafler* and *Frye*, which were issued while his first appeal to the Oklahoma Court of Appeals was still pending; and (2) Petitioner "never received the Order entered on February 14, 2013," because he "was caught between transfers" when this order was issued. (Br. at 3.)

After thoroughly reviewing Petitioner's arguments and the record on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition as time-barred. The magistrate judge correctly concluded that *Lafler* and *Frye* did not make Petitioner's filing timely, since these opinions were issued more than a year before he filed his state application for post-conviction relief and more than two years before he filed the instant federal habeas petition. Moreover, contrary to Petitioner's contentions, these cases do not prove that equitable tolling must be granted in order to prevent a fundamental miscarriage of justice.

As for Petitioner's second argument, despite the discrepancy in the dates, this appears to be an argument that he did not receive the district court's January 31, 2013 order adopting the magistrate judge's recommendation that the first habeas petition be dismissed without prejudice for lack of exhaustion. Even if we were to consider this argument, which was first raised in Petitioner's objection to

-4-

the magistrate judge's recommendation in this case, we conclude that reasonable jurists would still not debate the district court's denial of equitable tolling. Petitioner failed to present any evidence to support this contention and, moreover, "lack of notice can provide grounds for equitable tolling only if the prisoner 'acted diligently in the matter.'" *Santini v. Clements*, 498 F. App'x 807, 810 (10th Cir. 2015) (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)).  Here, "[t]he record is void of any evidence that [Petitioner] acted diligently to ensure that he was informed as to the status of his case during the times that the . . . limitations period ran." *Id.*  Petitioner has provided no explanation as to why he failed to enquire as to the status of his first federal habeas petition or to take any other action to pursue his claims from at least January 2013 until October 2014.  Under these circumstances, reasonable jurists would not debate whether the district court abused its discretion in denying equitable tolling.

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.  Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge