FILED
United States Court of Appeals
Tenth Circuit

August 29, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

AARON JAQUEZ HANCOX

    Petitioner - Appellant,

v.

JOE ALLBAUGH, Director,

    Respondent - Appellee.

No. 16-6333
(D.C. No. 5:16-CV-00739-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

Aaron Hancox, an Oklahoma state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his § 2254 application

for a writ of habeas corpus. As a state prisoner, Mr. Hancox must first receive a COA to

be heard on the merits of his appeal. 28 U.S.C. § 2253(c)(1)(A). When, as here, a habeas

application is dismissed on procedural grounds "without reaching the prisoner's

underlying constitutional claim," we may issue a COA only if "jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000). Mr. Hancox does not satisfy this standard.

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Hancox's application was dismissed by the district court as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d). AEDPA established a one-year limitations period for the filing of habeas petitions by prisoners in state custody. The limitations period begins to run on the latest of the following: (1) the date on which a state court judgment becomes final; (2) the date of the removal of an unconstitutional state-created impediment; (3) the date on which a right is newly recognized by the Supreme Court; or (4) the date on which the factual predicate of claims could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). The limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The district court ran the limitations period from the date on which Mr. Hancox's state-court judgment became final: Mr. Hancox entered a guilty plea and was sentenced on July 6, 2011. He did not file a motion to withdraw the plea (or otherwise seek to appeal the conviction), so the conviction became "final" on July 16, 2011, ten days after the pronouncement of the judgment and sentence. *See* Okla. R. Crim. App. 4.2; *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012). The one-year limitations period for filing a federal habeas application began the following day, and expired one year later, on July 17, 2012. The district court then added eighty-four days after assuming that Mr. Hancox's request for a sentence modification under Okla. Stat. tit. 22, § 982a, which was filed on April 12, 2012, and denied on July 5, 2012, statutorily tolled the limitations

period.  With eighty-four days added to the limitations period, Mr. Hancox had until October 9, 2012 to file his § 2254 application.  He filed it on June 28, 2016.

Mr. Hancox does not argue that he is entitled to statutory or equitable tolling. Instead, he asserts that his ineffective-assistance-of-counsel (IAC) claim is exempted from AEDPA's limitations period, arguing his "claim is all but identical to the *Lafler* claim, in both issue and timeline," and that "by the very language of *Lafler* holding his case is not subject to any bar under AEDPA."  (Opening Br. at 13, 9; s*ee also id.* at 13 ("An ineffective assistance of counsel such as Petitioner's is not subject to time bars."))  But Mr. Hancox misreads *Lafler*.  "*Lafler* held that an attorney who rendered constitutionally deficient advice to reject a plea bargain was ineffective where his advice caused his client to reject the plea and go to trial, only to receive a much harsher sentence."  *United States v. Vanderwerff*, 788 F.3d 1266, 1272–73 (10th Cir. 2015). Timeliness was not an issue in *Lafler*, so the Court had no reason to address it.  IAC claims are not categorically exempted from AEDPA's limitations period.  *See, e.g.*, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013); *Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015); *see also, e.g.*, *Shawley v. Bear*, 662 F. App'x 581, 583 (10th Cir. 2016).  Nor does *Ladd v. Stephens*, 748 F.3d 637 (5th Cir. 2014), which Mr. Hancox quotes, help his cause.  That case had to do with deference to state court proceedings. Here, the problem for Mr. Hancox is *not* that he is barred from federal habeas relief by virtue of something a state court did or did not do.  Finally, insofar as Mr. Hancox seeks to challenge errors or deficiencies in his state court postconviction proceedings, or raise claims under state law, such claims are generally not cognizable under federal habeas

review.  *See United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas proceeding."); *Montoya v. State of N.M.*, 55 F.3d 1496, 1499 (10th Cir. 1995).

Reading Mr. Hancox's pro se pleadings liberally (*very* liberally), he may be arguing that the limitations period began on a later, alternative date.  As noted above, under § 2244(d)(1)(D) the one-year limitations period does not begin to run until the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence.  An IAC claim has two components:  "[T]o establish a claim of ineffective assistance of counsel, the defendant must show not only that counsel's performance was deficient but that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Washington v. Roberts*, 846 F.3d 1283, 1296 (10th Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  Accordingly, "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice."  *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (emphasis omitted).

Mr. Hancox's federal habeas application and subsequent filings could be read (again, construing them very liberally) as asserting that he did not discover the facts that would establish prejudice until well after his sentence became final.  Alternatively, Mr. Hancox may be attempting to raise claims of ineffective assistance of appellate counsel

or ineffective assistance of counsel in postconviction proceedings. Either way, the timeline leading up to the filing of his § 2254 application would be the same: Mr. Hancox was sentenced on July 6, 2011. According to Mr. Hancox, he "immediately expressed his surprise and disagreement with the sentence . . . to his attorney," but counsel "told him to be quiet and not worry about it" because "his sentence would be adjusted as expected at the one year review hearing." (Opening Br. at 2.) Mr. Hancox's counsel filed a motion for sentence modification on April 12, 2012. It was denied on July 5, 2012, after a hearing during which, Mr. Hancox alleges, his "counsel never objected, or bothered to make any sort of statement to the court. He remained completely silent throughout." (*Id*. at 4.) According to Mr. Hancox, counsel assured him after the hearing that he would appeal the denial of the motion for sentence modification. Relying on his counsel's assurances, "[Mr. Hancox] left the courtroom expecting an appeal to be filed in his behalf." (*Id.*)

But Mr. Hancox's counsel never filed an appeal. Mr. Hancox alleges to have sent his counsel fourteen letters seeking information about his appeal between March 10, 2013, and April 23, 2014. It was not until late February 2014 that Mr. Hancox received a response from his counsel, at least according to Mr. Hancox. In a letter dated February 19, 2014, which was marked as received by the prison on February 21, 2014, counsel advised Mr. Hancox that he could not represent Mr. Hancox any further. Reading his filings *very* liberally (this point cannot be emphasized enough), Mr. Hancox *might* be asserting that he did not know, and could not have discovered through due diligence, the facts establishing prejudice, until he heard back from counsel in late February 2014. (Or,

as noted above, he may be attempting to raise an IAC claim based on this post-plea-agreement sequence of events.)  But Mr. Hancox's § 2254 application for federal habeas relief would still be untimely.  Even assuming for the sake of argument that the statute of limitations began to run from February 2014 and was tolled from January 26, 2015, to April 21, 2016, while additional postconviction proceedings were pending in state court, Mr. Hancox would have had until mid-May 2016 to file a petition.  He filed it on June 28, 2016.

Accordingly, we **DENY** Mr. Hancox's request for a certificate of appealability. We **GRANT** his request to proceed *in forma pauperis* on appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge