NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0517n.06

No. 16-1229

FILED
Sep 05, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ROBERT REEVES,

      Petitioner-Appellant,

V.

SHERMAN CAMPBELL,

      Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    BOGGS, CLAY, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Robert Reeves, a former Michigan prisoner proceeding with counsel, appeals the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We granted Petitioner a certificate of appealability on his double jeopardy claim, including whether the claim is procedurally defaulted and, if so, whether ineffective assistance of appellate counsel excuses that procedural default. Because Respondent raised for the first time on appeal arguments that could be outcome determinative with regard to Petitioner's double jeopardy claim, we remand this case to the district court to address Respondent's arguments that concern whether the state legislature authorized cumulative punishments for the offenses at issue and whether Petitioner committed multiple criminal acts thereby permitting multiple punishments.

For the reasons that follow, we **VACATE** the district court's judgment and **REMAND** the case to the district court for proceedings consistent with this opinion.

## BACKGROUND

### A. Factual History

Between August 2006 and April 2007, Petitioner used the Internet to communicate with an undercover police officer posing as a 14-year-old girl. When Petitioner arrived to meet the underage girl in Novi, Michigan, the police arrested him. Petitioner was charged and pleaded guilty to (1) using a computer to arrange for child sexually abusive activity (Mich. Comp. Laws § 750.145d(2)(f)); and (2) the lesser-included offense of arranging for child sexually abusive activity (Mich. Comp. Laws § 750.145c(2)). In November 2007, the Michigan state trial court sentenced Petitioner to concurrent terms of 6 ½ to 20 years in prison.

Petitioner applied for leave to appeal. Petitioner's appellate counsel argued that trial counsel had rendered ineffective assistance of counsel by failing to object to the trial court's application of the state sentencing guidelines. On February 29, 2008, the Michigan Court of Appeals denied Petitioner's application for lack of merit. On June 23, 2008, the Michigan Supreme Court denied Petitioner leave to appeal.

In July 2008, Petitioner filed a petition for writ of habeas corpus in federal district court. On August 5, 2010, the district court denied the petition because Petitioner had failed to exhaust his state court remedies. On March 29, 2011, we denied a certificate of appealability.

In December 2011, Petitioner returned to state court and moved for post-judgment relief under Michigan Court Rule 6.502. Petitioner argued that his claim was not barred under Michigan Court Rule 6.508(D)(3), which provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have

been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. Petitioner argued that (1) the trial court had violated state procedural requirements governing preliminary examinations, and (2) Michigan had convicted him of two crimes that constitute the same offense under the Double Jeopardy Clause of the Fifth Amendment.

On November 9, 2012, the Oakland County Circuit Court denied Petitioner's motion, holding as to the double jeopardy claim that Petitioner "fail[ed] to provide any legal authority that his constitutional rights were violated" because "[t]he charges involve two different statutes with different elements." (R. 14-6, Oakland Cty. Circuit Court's Op'n Denying Mot. for Relief from Judgment, Page ID # 450−51.) The Oakland County Circuit Court denied relief, concluding that Petitioner "fail[ed] to satisfy the Court that any good cause or actual prejudice exists, including ineffective assistance of counsel at trial or appellate level." (*Id.* at 451.) The Michigan Court of Appeals denied Petitioner's leave to appeal, and the Michigan Supreme Court did the same on November 25, 2013.

## B. Procedural History

On March 6, 2014, Petitioner re-filed his habeas corpus petition in the district court pursuant to 28 U.S.C. § 2254. On February 12, 2016, the district court denied the petition as to Petitioner's double jeopardy claim on procedural grounds and on the merits. The district court first noted that the Oakland County Circuit Court denied relief on procedural grounds because Petitioner had not shown cause or prejudice under Michigan Court Rule 6.508(D)(3) to excuse his failure to raise the double jeopardy claim on direct appeal in the first instance. The district court thus held that Petitioner's double jeopardy claim was procedurally defaulted.

The district court then explained that a state prisoner who fails to comply with a state's procedural rules forfeits the right to federal habeas review unless the prisoner makes a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or makes a showing of a fundamental miscarriage of justice. The district court held that Petitioner failed to demonstrate that appellate counsel's decision to omit the double jeopardy claim on direct appeal in the first instance rendered his counsel ineffective because "[n]one of these defaulted claims are 'dead-bang winners' as evidenced by the state trial court's [alternative] ruling . . . that the [double jeopardy] claim[ ] raised in the motion for relief from judgment lacked merit." (R. 16, Second District Court Op'n, Page ID # 801.)

The district court further held that even if Petitioner could demonstrate that appellate counsel rendered ineffective assistance, he "cannot show that he was prejudiced by counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the defaulted claims lack merit for the reasons set forth by the state trial court." (*Id*. at 801−02.) The district court also held that Petitioner failed to show that a fundamental miscarriage of justice had occurred. The district court ultimately concluded that habeas relief was not warranted because the double jeopardy claim was procedurally defaulted and lacked merit, and the ineffective assistance of appellate counsel claim, while not procedurally defaulted, lacked merit. The district court also denied Petitioner a certificate of appealability.

Petitioner moved this Court for a certificate of appealability to appeal the district court's judgment denying his petition for a writ of habeas corpus. On July 19, 2016, we granted Petitioner a certificate of appealability on his double jeopardy claim, including whether the claim is procedurally defaulted, and if so, whether ineffective assistance of appellate counsel excuses that procedural default. *Reeves v. Campbell*, No. 16-1229 (6th Cir. July 19, 2016). On

September 20, 2016, we granted Petitioner's motion for appointment of counsel. *Reeves v. Campbell*, No. 16-1229 (6th Cir. Sep. 20, 2016).

## DISCUSSION

In this appeal, we must first determine whether Petitioner's habeas corpus petition is timely. If we determine that the petition is timely, we must next determine whether the district court erred in determining that Petitioner's double jeopardy claim is procedurally defaulted and lacks merit.

For the reasons stated below, we hold that the petition is timely, that there is cause and prejudice to excuse the procedural default of Petitioner's double jeopardy claim, and that the district court erred in rejecting Petitioner's double jeopardy claim on the merits. Respondent, however, argues for the first time on appeal that the Supreme Court has permitted cumulative punishments if such punishments have been authorized by the state legislature. *See Missouri v. Hunter*, 459 U.S. 359 (1983). Because Respondent advances for the first time on appeal arguments that could be outcome determinative with regard to Petitioner's double jeopardy claim, we remand this case to the district court to address whether the state legislature authorized cumulative punishments for the offenses at issue and whether Petitioner committed multiple criminal acts thereby permitting multiple punishments.

## A. Timeliness of Petition

We review *de novo* a district court's determination whether a petition is untimely pursuant to the statute of limitations. *See Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007).

Petitioner argues that his petition is timely. First, he argues that the limitations period started running when the judgment of conviction became final on September 23, 2008, 90 days after the Michigan Supreme Court denied him leave to appeal. Secondly, he contends that the

limitations period was tolled while the application for state post-conviction review was pending from December 1, 2011 until November 25, 2013. Third, as the district court ruled in its first opinion, he asserts that equity tolled the limitations period during the pendency of an earlier, unexhausted habeas corpus petition in federal court from September 23, 2008 through at least March 29, 2011. Petitioner thus contends that the limitations period was running at most from March 30, 2011 through November 30, 2011, and again from November 26, 2013 through March 6, 2014—a total of 347 days.

Respondent argues that the petition is untimely because for one, the one-year limitations period began running on August 6, 2010, the day after the federal district court issued its first opinion. Petitioner then had one year, until August 6, 2011, within which he could return to federal court to re-file a habeas petition, or to instead file an application for state post-conviction or other collateral review, which would toll the one-year statute of limitations period. Respondent therefore contends that Petitioner did not file his state-court motion for relief from judgment until December 2011, nearly four months after the statute of limitations expired, thereby making his petition untimely.

### 1. Relevant Legal Principles

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations is tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. § 2244(d)(2). If a petitioner appeals to the Michigan Supreme Court and does not petition the United States Supreme Court for a writ of certiorari, the petitioner's judgment of conviction is finalized when the time for seeking review from the United States Supreme Court expires. Thus, the one-year statute of limitations begins running at that time. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

A petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment. A properly filed motion for relief from judgment or other post-conviction or collateral review tolls the running of the one-year statute of limitations during the pendency of that application. *See* 28 U.S.C. § 2244(d)(2). A petitioner's one-year limitations period is tolled "during the period in which he could have, but did not, appeal" the state appellate court's denial of his motion for post-conviction relief. *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016).

The habeas statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). Equitable tolling is available to habeas petitioners challenging their state-court conviction when a petitioner can demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Id*. at 649. Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).

### 2. Statutory and Equitable Tolling

We find that Petitioner filed the current petition within the 365-day limitations period. First, the 365-day limitations period started to run on September 23, 2008. The Michigan Supreme Court denied Petitioner leave to appeal his conviction on June 23, 2008. Petitioner had 90 days thereafter to file a petition for writ of certiorari with the United States Supreme Court

after the Michigan Supreme Court denied him leave to appeal on June 23, 2008. *See Bronaugh*, 235 F.3d at 283. Thus, the limitations clock started to run on September 23, 2008 when Petitioner's conviction became final with the expiration of time to seek certiorari with the Supreme Court. *See* § 2244(d)(1)(A).

Second, the limitations period was tolled from September 23, 2008 through March 29, 2011 while the first habeas corpus petition was pending in federal district court and this Court. Petitioner filed his first habeas corpus petition in federal district court in July 2008. On August 5, 2010, the district court rejected Petitioner's first habeas petition for failure to exhaust state-court remedies. Petitioner then appealed the district court's exhaustion decision to this Court, and on March 29, 2011, we denied Petitioner a certificate of appealability. Though the district court did not discuss whether Petitioner pursued his unexhausted claims diligently or whether extraordinary circumstances prevented him from exhausting his claims, it promised that it would equitably toll the time Petitioner's unexhausted petition spent pending in federal court. As the district court held in its first opinion, the time an unexhausted petition has been pending in federal court is equitably tolled. (*See* R. 1-1, First Dist. Ct. Op'n, Page ID # 114.) A case remains "pending" until it "achieve[s] final resolution" through the "appellate review process." *Carey v. Saffold*, 536 U.S. 214, 219−20 (2002). Regardless of whether the district court's decision to grant equitable tolling was appropriate, Petitioner was entitled to rely on its promise. *See generally Griffin v. Rogers*, 399 F.3d 626, 638 n.5 (6th Cir. 2005). Thus, the limitations period was tolled while Petitioner's first petition was "pending" in federal district court and this Court from September 23, 2008 through March 29, 2011.

We note, however, that it may not be appropriate in many instances for the district court to award equitable tolling for the time a mixed petition remains pending in federal court. Before

awarding equitable tolling, the district court must first determine that a prisoner has pursued his unexhausted claims "diligently" and that "extraordinary circumstances" prevented him from exhausting his claims in state court. *See Holland*, 560 U.S. at 649. Equitable tolling must be a case-by-case determination. As we have explained, "[t]he virtue of relying on equitable tolling . . . lies in the very nature of such tolling as the exception, not the rule." *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010).

Indeed, equitable tolling, if employed too frequently, would "frustrate AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. . . . [and] also undermine[] AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). For these same reasons, the Court has held that district courts have only "limited" authority to hold a prisoner's petition in "abeyance" while he goes back to state court to exhaust his unexhausted claims. *Id.* at 277 (explaining that district courts may only grant stay-and-abeyance if the petitioner has shown "good cause" for his failure to exhaust claims that are not "plainly meritless"). The same considerations limit a district court's discretion to grant equitable tolling.

Third, the limitations period was tolled again from December 1, 2011 through November 25, 2013 while Petitioner's application for state post-conviction relief was pending in state court. *See* § 2244(d)(2). On December 1, 2011, Petitioner filed a motion for relief from judgment in state court. On November 25, 2013, the Michigan Supreme Court denied Petitioner leave to appeal the state court's denial of his motion for relief from judgment. Thus, on November 25, 2013, Petitioner's state post-conviction review ended with the Michigan Supreme Court's denial of his leave to appeal.

On March 6, 2014, Petitioner's current habeas corpus petition was entered in the district court's docket. Therefore, the limitations period began running again from November 26, 2013 through March 6, 2014.

Based on the calculations above, the limitations period began running on September 23, 2008 and ended March 6, 2014. The limitations period was tolled from September 23, 2008 through March 29, 2011 while Petitioner's first and unexhausted habeas petition was pending in federal district court and this Court. The limitations period started again on March 30, 2011 and ran until December 1, 2011, which is the date when Petitioner sought post-conviction relief from judgment in state court. From December 1, 2011 through November 25, 2013, the limitations period was tolled while state post-conviction was pending in state court. Thus, the limitations period was running from March 30, 2011 through November 30, 2011, and again from November 26, 2013 through March 6, 2014—a total of 347 days. Petitioner's current habeas petition was filed well within the one-year limitations period permitted by AEDPA.

For the aforementioned reasons, we find that Petitioner's habeas corpus petition is timely.

## B. Procedural Default

We review *de novo* a district court's decision whether a state court rested its holding on procedural default and its application of the cause and prejudice rules. *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000); *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007).

### 1. Relevant Legal Principles

A federal court is precluded from reviewing a claim in a habeas petition if the last state court to issue a reasoned decision "rest[ed] its judgment on the procedural default." *Harris v. Reed,* 489 U.S. 255, 262 (1989). Under AEDPA, a petitioner's claims are procedurally defaulted if the state habeas court has "clearly and expressly" invoked the petitioner's failure to comply

with state procedural requirements as a basis for denying relief in state court. *Id*. at 263. If, on the other hand, the denial of state habeas relief "is *ambiguous* as to whether the judgment rests on a procedural bar," *ibid.* (emphasis added), then AEDPA requires us to presume that the state-court determination was on the merits, and the petitioner's claims are not procedurally defaulted for the purpose of federal habeas review.

A habeas corpus petitioner can overcome a procedural default by showing "'cause for the default and prejudice from the asserted error.'" *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015) (internal citation omitted). Ineffective assistance of counsel, including appellate counsel, "constitutes sufficient cause to excuse [a] procedural default." *Gunner v. Welch*, 749 F.3d 511, 520 (6th Cir. 2014). A petitioner who establishes ineffective assistance of counsel automatically satisfies the prejudice component. *See Strickler v. Greene*, 527 U.S. 263, 282 (1999). In order to demonstrate ineffective assistance of counsel, the petitioner must show that (1) "counsel's performance was deficient," and that (2) "the deficiency prejudiced the defense." *Goff v. Bagley*, 601 F.3d 445, 463 (6th Cir. 2010) (citation omitted).

### 2. Procedural Default

Here, in denying Petitioner relief, the state habeas court unambiguously cited Michigan Court Rule 6.508(D)(3) as the procedural rule with which Petitioner failed to comply. (R. 14-6 at 450). Although "brief orders citing Rule 6.508(D)" *generally* may refer either "to a petitioner's failure to meet his burden on the merits" or to a procedural default, we have held that citing Rule 6.508(D)(3) *specifically* is, "by necessity," an invocation of a "procedural-default rule." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc); *see also Jackson v. Harris*, 453 F. App'x 620, 623, n.1 (6th Cir. 2011). Thus, the state habeas court's statement that Petitioner's double jeopardy claim "could have been raised on appeal or in a prior motion,"

together with that court's citation of Rule 6.508(D)(3) is sufficient to state clearly and expressly that Petitioner's claims were procedurally barred. That the state court analyzed the merits of Petitioner's double jeopardy claim only in the context of determining whether Petitioner could show cause and prejudice—that is, only in the context of determining whether Petitioner could *excuse his procedural default*—further supports our conclusion that Petitioner's claims are indeed procedurally defaulted.

### 3. Cause and Prejudice

Petitioner argues that this procedural default may be excused because his counsel's failure to raise the double jeopardy claim on direct appeal in state court constitutes ineffective assistance of counsel. Although appellate counsel is "strongly presumed to have rendered adequate assistance," *Strickland v. Washington*, 466 U.S. 668, 690 (1984), failure to raise a "significant and obvious" claim can amount to reversible error. *Mapes v. Tate*, 388 F.3d 187, 192 (6th Cir. 2004). Petitioner's double jeopardy claim meets this high standard. It is significant because, as Petitioner readily points out, it would have resulted in the automatic reversal of one of Reeves's two convictions. *See id.* ("[T]he claim was significant because" it involved "reversible error."). And it was obvious because although Petitioner was convicted under two differently worded statutes, "[i]t has long been understood that separate statutory crimes need not be identical either in constituent elements or in actual proof in order to be the same within the meaning of the [Double Jeopardy Clause]." *Brown v. Ohio*, 432 U.S. 161, 164 (1977). By failing to raise such a "significant and obvious" claim on direct appeal in state court, Petitioner's appellate counsel "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

Deficient performance, however, is only the first element of an ineffective-assistance-of-counsel claim. Petitioner must also show that his counsel's deficient performance resulted in prejudice. This requires Petitioner to show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different," i.e., that the omitted claim would have brought Petitioner relief. *Id.* at 694. Thus, whether Petitioner can satisfy the prejudice element of his ineffective-assistance-of-counsel claim (and in turn, show cause to excuse his procedurally defaulted double jeopardy claim) turns entirely on whether that double jeopardy claim has merit.

## C. Merits

We review *de novo* a district court's legal conclusions, including its double jeopardy rulings. *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996).

Petitioner argues that the greater offense of using a computer to arrange for child sexually abusive activity is the "same" as the lesser-included offense of arranging for child sexually abusive activity because every element of the lesser-included offense is also an element of the greater offense. Petitioner contends that the state and district court's rationales directly contradict *Blockburger*, where the Supreme Court held that two crimes are distinct for double jeopardy purposes only if each crime contains an element that the other does not, and *Brown v. Ohio*, where the Supreme Court held that a greater offense is the same as any lesser-included offense for double jeopardy purposes. Petitioner asserts that convicting him of both of the two offenses to which he pleaded guilty violates his constitutional rights under the Double Jeopardy Clause because one is a lesser-included offense of the other and are thus the same for purposes of double jeopardy.

Respondent argues that Petitioner's double jeopardy claim lacks merit. Alternatively, Respondent argues for the first time on appeal that even if the two offenses are the same for

double jeopardy purposes under *Blockburger*, a court's inquiry into the matter is finished if there is evidence that a state legislature intended to authorize cumulative punishments. *See Missouri v. Hunter*, 459 U.S. 359 (1983) (holding that cumulative punishment does not run afoul of the Double Jeopardy Clause if the legislature specifically authorized it). Respondent contends that the Michigan legislature expressly intended that the offenses to which Petitioner pleaded guilty to give rise to separate liability and cumulative punishments. *See* Mich. Comp. Laws §§ 750.145d(3)−(5). Respondent finally argues that even if we are not persuaded by his aforementioned arguments, we should nevertheless find that Petitioner's double jeopardy claim lacks merit because he was not subject to multiple punishments for a single criminal act, but rather was subjected to multiple punishments for multiple criminal acts.

### 1. Relevant Legal Principles

The Double Jeopardy Clause of the Fifth Amendment states that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." The Fourteenth Amendment makes this Clause binding on the states. *Benton v. Maryland*, 395 U.S. 784, 795 (1969). In *Blockburger*, the Supreme Court instituted the test that determines whether two statutes punish the "same offence" for purposes of double jeopardy. *Blockburger* maintains that two offenses are distinct only if each offense "requires proof of a fact which the other does not." 284 U.S. at 304. Under this test, a "greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it" because a lesser offense "requires no proof beyond that which is required for conviction of the greater [offense]." *Brown*, 432 U.S. at 168.

AEDPA provides that a federal court may grant relief on a state prisoner's habeas corpus petition only if the state court's rejection of the prisoner's claim on the merits "was contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established law if the state court "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A decision unreasonably applies clearly established law if the state court applies the correct rule in an "objectively unreasonable" way. *Williams*, 529 U.S. at 409.

### 2. The *Blockburger* Test

In this case, the two offenses to which Petitioner pleaded guilty are undoubtedly the "same" under *Blockburger* and *Brown* because the lesser offense of arranging for child sexually abusive activity requires no proof beyond that which is required for the greater offense of using a computer to arrange for child sexually abusive activity. Petitioner pleaded guilty to (1) using a computer to arrange for child sexually abusive activity (Mich. Comp. Laws § 750.145d), and (2) the lesser included offense of arranging for child sexually abusive activity (Mich. Comp. Laws § 750.145c). In fact, § 750.145d includes the lesser offense, § 750.145c, within its definition. *See* Mich. Comp. Laws § 750.145d (stating that "[a] person shall not use . . . a computer . . . to communicate with any person for the purpose of . . . [c]ommitting, attempting to commit, conspiring to commit, or soliciting another person to commit conduct proscribed under section . . . 145c . . . in which the victim or intended victim is a minor or is believed by that person to be a minor").

This case presents the clearest example of double jeopardy. In *Brown*, the offenses at issue were joyriding and auto theft. The state court defined "joyriding" to consist of "taking or operating a vehicle without the owner's consent," and "auto theft" to consist of "joyriding with the intent permanently to deprive the owner of possession." 432 U.S. at 167. "Joyriding [wa]s

the lesser included offense." *Id*. The Supreme Court held that "joyriding and auto theft, as defined by the [state] court, constitute 'the same statutory offense' within the meaning of the Double Jeopardy Clause." *Id*. at 168. The Court went on to state that "[a]s is invariably true of a greater and lesser included offense, the lesser offense [of] joyriding requires no proof beyond that which is required for conviction of the greater auto theft." *Id*. Thus, "[t]he greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Id*. "This conclusion merely restates what has been this Court's understanding of the Double Jeopardy Clause at least since In re Nielsen was decided in 1889." *Id*.

Applying the Court's precedent, we find that the two offenses, § 750.145c and § 750.145d, constitute the same statutory offense under the Double Jeopardy Clause. The lesser included offense (§ 750.145c) requires no proof beyond that which is required for conviction of the greater offense (§ 750.145d). Thus, "[t]he greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Brown*, 432 U.S. at 168.

### a. AEDPA Deference

We find that AEDPA is not a bar to Petitioner receiving relief in this case because the state court's rejection of Petitioner's claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The state court issued an opinion explaining that it denied Petitioner's double jeopardy claim because the charges involve "different statutes with different elements." (R. 14-6 at 451.) The opinion's rejection of Petitioner's double jeopardy claim was incorrect in two ways: (1) the decision was contrary to clearly established law because the state court misstated the *Blockburger* test; and (2) the decision unreasonably applied the *Blockburger*

test because it was objectively unreasonable to conclude that the two offenses were not the "same" for purposes of double jeopardy.

As mentioned above, *Blockburger* maintains that two offenses are distinct only if each offense "requires proof of a fact which the other does not." 284 U.S. at 304. The state court rejected Petitioner's double jeopardy claim because the offenses involved different statutes with different elements. The state court's test is at odds with the test outlined by the Court in *Blockburger* and *Brown*. For one, the fact that the statutes are different and have different elements does not mean that they are effectively not the same for double jeopardy purposes. The issue is whether one of the offenses requires proof of a fact that the other does not and not whether they have different elements. Secondly, the lesser offense of arranging for child sexually abusive activity (§ 750.145c) is included in the greater offense of using a computer to arrange for child sexually abusive activity (§ 750.145d). Under *Brown*, the "greater offense" is "invariably" "the 'same' for purposes of double jeopardy as any lesser offense included in it." *Brown*, 432 U.S. at 168.

Therefore, we find that AEDPA does not preclude Petitioner from obtaining relief because the state court's rejection of Petitioner's claim on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). However, this does not conclude our analysis on the issue of double jeopardy. We must next determine whether Respondent forfeited his new argument concerning the Supreme Court's decision in *Missouri v. Hunter*.

### b. Cumulative Punishments and *Missouri v. Hunter*

Respondent raises for the first time on appeal the argument that the Supreme Court has permitted cumulative punishments if such punishments have been authorized by the state

legislature. Respondent relies on *Missouri v. Hunter* for the proposition that a state may convict a defendant for two offenses that are the same under *Blockburger* if (1) it does so "in a single trial" and (2) the legislature "specifically authorizes cumulative punishment." 459 U.S. at 368−69. Respondent asserts that the state secured both convictions in a single trial and the state legislature authorized cumulative punishments for the offenses to which Petitioner pleaded guilty. *See* Mich. Comp. Laws § 750.145d(3)-(5) (stating, among other things, that "[t]his section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law committed by that person while violating or attempting to violate this section, including the underlying offense").

Because Respondent raised the *Missouri v. Hunter* argument for the first time in front of us on appeal, Respondent failed to properly preserve this argument for appellate review. (*See* R. 36, Respondent's Answer to Petition, Page ID # 347 (Respondent's answer to Petitioner's instant habeas corpus petition did not raise, let alone mention, the alternative argument that the state legislature authorized cumulative punishments for the two offenses).) *See United States v. Boumelhem*, 339 F.3d 414, 428 (6th Cir. 2003) (noting that a party forfeits an "alternative argument in support of a lower court's decision" "by failing to raise the issue in the district court").

Thus, we find that this argument has been forfeited for purposes of this appeal due to Respondent's failure to raise the argument in the district court. Respondent also raised for the first time on appeal the argument that Petitioner's convictions do not violate the Double Jeopardy Clause because he was subjected to multiple punishments for multiple criminal acts rather than a single criminal act. We find that Respondent has also forfeited the argument concerning multiple criminal acts. Although both parties addressed this forfeiture issue at oral argument and

asked us to rule on these matters in the first instance, we will not attempt to address these two arguments for the first time on appeal. *See Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012) ("[A]ppellate courts ordinarily abstain from entertaining issues that have not been raised and preserved in the court of first instance").

Because the *Missouri v. Hunter* argument could be outcome determinative, we think that this is the unusual case where we would exercise our discretion to remand to the district court an argument that was not raised below in the first instance. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 245 (6th Cir. 1991) (stating that with regard to an appellate court's discretion to consider issues raised for the first time on appeal, "[p]erhaps more important is that fact that the parties were entitled under our judicial system to have the issues in this suit considered initially by the district judge; his valued judgment adds much to the deliberative process and allows this court its proper function—to determine if an erroneous decision was made as to the issues presented"); *see also United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999) ("Under 28 U. S. C. § 2106 the courts of appeals have broad discretion to issue general or limited remands."). On remand, the district court can review and consider these arguments after they have been properly briefed and argued before the court in the first instance.

### 3. Summary

For the reasons stated above, we hold that Petitioner's double jeopardy claim warrants further review. The record clearly demonstrates that the two offenses to which Petitioner pleaded guilty are the "same" under the test articulated in *Blockburger* and reaffirmed in *Brown*. Furthermore, Petitioner's procedural default does not preclude us from granting Petitioner relief because his state appellate counsel's failure to raise the claim amounted to ineffective assistance of counsel sufficient to excuse the default. Finally, Respondent forfeited his cumulative

punishments and multiple-criminal-acts arguments because he failed to raise them before the district court. On remand, the parties may brief the district court on these two new arguments so that the district court can properly review and consider them.

## CONCLUSION

For the aforementioned reasons, we **VACATE** the district court's judgment and **REMAND** the case to the district court for proceedings consistent with this opinion.