NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 20a0009n.06

No. 19-1179

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 08, 2020
DEBORAH S. HUNT, Clerk

ROBERT REEVES,

    Petitioner-Appellant,

v.

CATHLEEN STODDARD,

    Respondent-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    BOGGS, CLAY, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.** Petitioner Robert Reeves appeals the district court's judgment denying his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Reeves argues that his convictions for arranging for "child sexually abusive activity," Mich. Comp. Laws § 750.145c(2), and using a computer to communicate with a person for the purposes of that crime, Mich. Comp. Laws § 750.145d(2)(f), violate the Double Jeopardy Clause of the United States Constitution.

For the following reasons, we **AFFIRM** the judgment of the district court.

**FACTUAL BACKGROUND**

In October 2007, Petitioner Robert Reeves pleaded guilty to arranging for child sexually abusive activity and using a computer to communicate with a person for the purposes of committing a felony. *See* Mich. Comp. Laws §§ 750.145c(2), 750.145d(2)(f). In his plea, Reeves admitted that he "contacted a person [he] believed to be 14 years old to have sex with & used the computer." (Plea Form, R. 14-4 at PageID #404.) Specifically, Reeves used the internet to

communicate with an undercover police officer posing as a fourteen-year-old girl between August 2006 and April 2007. He arranged to meet this girl and, when he arrived for that meeting, he was arrested. After pleading guilty, Reeves was sentenced to six-and-a-half to twenty years of imprisonment.

Reeves then mounted a series of appeals and post-conviction motions, each of which was denied. *See Reeves v. Campbell*, 708 F. App'x 230, 232–34 (6th Cir. 2017) (summarizing procedural history). As relevant here, the Oakland County Circuit Court rejected Reeves' motion for post-judgment relief under Michigan Court Rule 6.502, in which he argued in part that his convictions violated the Double Jeopardy Clause. The court held that his convictions were constitutional because they "involve two different statutes with different elements." (Op. Denying Mot. for Relief, R. 14-6 at PageID #451.) The Michigan Court of Appeals denied Reeves leave to appeal this decision and the Michigan Supreme Court affirmed that denial.

Reeves then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan. The district court found that Reeves had procedurally defaulted on his double jeopardy claim and that he had not shown cause and prejudice to excuse that default. It further concluded that his double jeopardy claim "lack[ed] merit because each offense contains an element that the other does not," and denied him a certificate of appealability. (Op. Denying Pet., R. 16 at PageID #802, n.3; *id.* at #803.)

This Court granted a certificate of appealability and vacated the district court's decision as to Reeves' double jeopardy claim. We found first that Reeves had procedurally defaulted the claim, but demonstrated ineffective assistance of counsel, which constituted cause and prejudice to excuse his procedural default. *Campbell*, 708 F. App'x at 237–38. We then determined that Reeves' case "presents the clearest example of double jeopardy," applying the test prescribed by

*Blockburger v. United States*, 284 U.S. 299 (1932), to find that Reeves' offenses were the same because "the lesser offense of arranging for child sexually abusive activity requires no proof beyond that which is required for the greater offense of using a computer to arrange for child sexually abusive activity." 708 F. App'x at 238–40 (citing *Blockburger*, 284 U.S. at 304; *Brown v. Ohio*, 432 U.S. 161, 167–68 (1977)). We concluded that the state court's decision to the contrary did not preclude habeas relief because it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Id.* at 240–41 (citing 28 U.S.C. § 2254(d)(1)). Finally, we determined that the Warden had forfeited arguments that the state legislature had authorized cumulative punishments for Reeves' conduct and that Reeves was subjected to multiple punishments for multiple acts. *Id.* at 241. However, because we believed the former argument "could be outcome determinative," we held that "this is the unusual case where we would exercise our discretion to remand to the district court an argument that was not raised below in the first instance," and so returned the case to the district court. *Id.* at 242 (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 245 (6th Cir. 1991)).

On remand, the district court determined that the language of Michigan's statute defining the offense of using a computer to communicate with a person for the purposes of committing a crime, Mich. Comp. Laws § 750.145d, "makes clear that it was the intent of the Michigan Legislature to authorize multiple punishments for the petitioner's two offenses." *Reeves v. Stoddard*, No. 2:14-cv-10977, 2019 WL 764353 at *3 (E.D. Mich. Feb. 21, 2019). Accordingly, it held that Reeves' convictions for both arranging for child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), and using the computer to commit that crime, Mich. Comp. Laws § 750.145d(2)(f), do not constitute double jeopardy. *Id.* In the alternative, the court held that Reeves "pleaded guilty to multiple acts which formed the bases for his convictions," and because

his convictions penalized multiple acts, they do not violate the Double Jeopardy Clause. *See id.* at *5 & n.5.

Reeves' timely appeal followed.

## DISCUSSION

We review the district court's denial of Reeves' habeas petition *de novo*. *Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996). In this appeal, we adhere to our prior decision that the state court's determination of Reeves' double jeopardy claim was contrary to clearly established law, and so the deference due to that decision under the Antiterrorism and Effective Death Penalty Act does not bar habeas relief. *See Campbell*, 708 F. App'x at 240–41.

### A. Forfeiture

We previously determined that this was an exceptional case in which we should exercise our discretion to overlook the Warden's forfeiture of the arguments that the Michigan legislature had authorized multiple punishments for Reeves' conduct and that Reeves had committed multiple acts, meriting multiple punishments. *Id.* at 242; *see also Taft Broad Co.*, 929 F.2d at 244–45 (discussing exceptions to forfeiture rule). The district court therefore correctly rejected Reeves' continued contention that he is entitled to a writ of habeas corpus because the Warden forfeited these arguments. *Stoddard*, 2019 WL 764353 at *1–2. We also adhere to our original disposition of this argument, and so affirm the district court's judgment as to this issue.

### B. Legislative Authorization

We turn now to the merits of Reeves' claim. Reeves argues that his convictions violate the mandate of the Double Jeopardy Clause that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Fourteenth Amendment makes this prohibition binding on the states. *Benton v. Maryland*, 395 U.S. 784, 795 (1969). At bottom,

the Double Jeopardy Clause provides three basic protections: It "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense" imposed in a single trial. *Brown*, 432 U.S. at 165 (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 799–800 (1989)).

We previously held that Reeves' convictions constitute multiple punishments for the same offense. *Campbell*, 708 F. App'x at 240. However, this determination does not end our inquiry. In *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), the Supreme Court held that, "[w]ith respect to cumulative punishments imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Accordingly, a defendant may, in a single trial, receive multiple punishments for the same offense, so long as "[the] legislature specifically authorizes cumulative punishment under two statutes." *Id.* at 368. The question before this Court, then, is whether the Michigan legislature intended to authorize cumulative punishments for those convicted of both child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), and of using a computer to arrange for that activity, Mich. Comp. Laws § 750.145d(2)(f). If it did, Reeves' custody was not "in violation of the Constitution or laws or treaties of the United States," and he is not entitled to a writ of habeas corpus. 28 U.S.C. § 2254(a).

We must accept the Michigan Supreme Court's construction of Michigan statutes, and so we look to that court's decisions as to whether the legislature intended cumulative punishments for violations of sections 750.145c(2) and 750.145d(2)(f). *Hunter*, 459 U.S. at 368. As it happens, the Michigan Supreme Court has not addressed this question. However, the Michigan Court of Appeals has done so recently, albeit in an unpublished decision. *See People v. Sturza*, No. 341366,

2019 WL 2605758 at \*5 (Mich. Ct. App. Jun. 25, 2019) (per curiam). In *People v. Sturza*, the court held that the language of section 750.145d "clearly expressed [the Michigan legislature's] intent to authorize multiple punishments" for those convicted of a violation under sections 750.145d and 750.145c(2). *Id.* As in other cases in which we apply state law, "[i]n order to determine how the state supreme court would rule, we look to the decisions of the state's intermediate courts unless we are convinced that the state supreme court would decide the issue differently." *Melson v. Prime Ins. Syndicate, Inc.*, 429 F.3d 633, 636 (6th Cir. 2005). We therefore treat the *Sturza* decision as a prediction of how the Michigan Supreme Court would interpret section 750.145d, because Reeves has not convinced us that the Michigan Supreme Court would interpret its language differently.

Even absent this decision, the language of section 750.145d clearly demonstrates the Michigan legislature's intention to authorize cumulative punishment. That statute establishes:

> (3) The court may order that a term of imprisonment imposed under this section be served consecutively to any term of imprisonment imposed for conviction of the underlying offense.
> (4) This section does not prohibit a person from being charged with, convicted of, or punished for any other violation of law committed by that person while violating or attempting to violate this section, including the underlying offense.

Mich. Comp. Laws § 750.145d(3)–(4). The statute also explicitly names section 750.145c (and thus, its subsections) as an underlying offense that one is proscribed from committing with the use of a computer. *Id.* § 750.145d(1)(a).

Michigan case law provides that "[w]hen a statute's language is unambiguous, 'the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written.'" *Madugula v. Taub*, 853 N.W.2d 75, 81 (Mich. 2014) (quoting *Malpass v. Dep't of Treasury*, 833 N.W.2d 272, 278 (Mich. 2013)). The language of section 750.145d unambiguously expresses the legislature's intention to authorize cumulative punishments, and we must read it as written. The legislature twice indicated that an offender may receive a punishment under this

statute while also receiving a punishment for an underlying offense. As applied to this case, this language indicates that Reeves may receive a punishment under section 750.145d(2)(f), while also being punished under section 750.145c(2). Because the legislature has authorized cumulative punishments for his conduct, Reeves' convictions do not violate the Double Jeopardy Clause.

Reeves does not present an alternative reading of the language of section 750.145d, but instead responds that the Double Jeopardy Clause of the Michigan Constitution "does not allow the state legislature to authorize multiple convictions for offenses that are the 'same' under *Blockburger*, even in a single trial."[1] (Pet'r Br. at 19 (citing Mich. Const. art. I, § 15).) He argues that, because "[t]he state legislature's powers are at all times 'limited by the constitution of the state,'" the Michigan legislature could not violate the Michigan Double Jeopardy Clause and, evidently, we should presume it did not intend to do so. (*Id.* at 18–19 (quoting *McPherson v. Blacker*, 146 U.S. 1, 25 (1892)) (citing *Smiley v. Holm*, 285 U.S. 355, 368 (1932)).) He notes that the Michigan Supreme Court has held that the state double jeopardy provision should be interpreted "consistently with the federal double jeopardy jurisprudence that then existed" at the time the Michigan Constitution was ratified in 1963. (*Id.* at 19 (emphasis omitted) (quoting *People v. Davis*, 695 N.W.2d 45, 52 (Mich. 2005)) (citing *People v. Smith*, 733 N.W.2d 351, 367 (Mich. 2007)).) Because *Blockburger* had been handed down prior to the ratification of the Michigan Constitution in 1963, but *Hunter* was not handed down until twenty years after ratification, Reeves

---

[1] We note that we are not permitted to decide state law claims on habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). However, Reeves' argument based on the Michigan Constitution is relevant to his federal claim insofar as federal courts must look to state legislatures' intent to authorize cumulative punishments for an offense, and so we consider it only for that purpose.

says that the Michigan Double Jeopardy Clause does not permit legislative authorization of multiple punishments for his crime. (*Id.* at 19–20.)

This argument is unavailing. Despite its statements suggesting that the Michigan Constitution should be interpreted consistently with federal case law as it stood in 1963, the Michigan Supreme Court has adopted *Hunter*. *See Smith*, 733 N.W.2d at 364 (citing *Hunter*, 459 U.S. at 368). Reeves concedes as much. Specifically, immediately after explaining that Michigan's double jeopardy provision should "be construed consistently with . . . the interpretation given to the Fifth Amendment by federal courts at the time of ratification," the *Smith* court went on to explain that, in determining whether there is a double jeopardy violation, courts' first step should be "determin[ing] whether the legislature expressed a clear intention that multiple punishments be imposed." 733 N.W.2d at 363–64 (citing *Hunter*, 459 U.S. at 368). This holding suggests that the Michigan Supreme Court interprets its Double Jeopardy Clause to permit the state legislature to authorize cumulative punishments, even though *Hunter* was not handed down until after the Michigan Constitution was ratified.

Indeed, the Michigan Supreme Court has explained that, "[w]here multiple punishment is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the Courts, not the Legislature." *People v. Mitchell*, 575 N.W.2d 283, 284 (Mich. 1998). Accordingly, it has repeatedly affirmed that the legislature has authorized cumulative punishments for other offenses. *E.g.*, *People v. Miller*, 869 N.W.2d 204, 211 (Mich. 2015) (finding that Michigan law "expressly authorizes multiple punishments for certain operating while intoxicated offenses"); *Mitchell*, 575 N.W.2d at 285 ("[T]he Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute.").

8

Reeves asks this Court to overlook Michigan courts' application of *Hunter*. He argues that this Court should not interpret section 750.145d to authorize cumulative punishments because Michigan courts—at the time his briefing was submitted—had not interpreted that provision with regard to double jeopardy. Instead, he asks this Court to certify this question to the Michigan Supreme Court. But at this point, the Michigan Court of Appeals *has* interpreted section 750.145d to authorize multiple punishments. *Sturza*, 2019 WL 2605758 at *5. In doing so, that court expressly rejected the defendant's argument that "the Legislature lacks the authority to violate the Double Jeopardy Clause," and treated this issue as entirely one of legislative intent. *Id.* Given the Michigan Supreme Court's adoption of *Hunter* and its holdings affirming that the legislature has authorized cumulative punishments for other offenses, we have no reason to believe that the Michigan Supreme Court would find otherwise. We are not convinced that there is any need to certify this question to the Michigan Supreme Court, and we decline to do so.

## CONCLUSION

Reeves' convictions do not violate the Double Jeopardy Clause because the Michigan legislature authorized multiple punishments for his offense. Having found so, we need not—and do not—reach the question of whether Reeves' convictions also penalized multiple acts.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.